**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JANICE SCOTT, et al.,**

    **Plaintiffs,**

**v.**                                            Case No.  8:08-cv-132-T-30EAJ

**CAPITAL ONE BANK and**
**CAPITAL ONE SERVICES, INC.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants, Capital One Bank and Capital One Services, Inc.'s, Dispositive Motion to Dismiss and Supporting Memorandum of Law (Dkt. 20), and Plaintiff's Response in opposition to the same (Dkt. 21).  The Court, having reviewed the motion, response, and supporting memoranda, and being otherwise fully advised in the premises, determines the motion should be denied.

### Background

Plaintiffs allege they are among thousands of Florida citizens who were targeted by Defendant Capital One Bank and/or Capital One Services, Inc. (together, "Capital One") as part of Capital One's "subprime" credit marketing programs.  Plaintiff's claims arise from their enrollment in a program called "Payment Protection."  Under the program, Capital One agrees to pay the minimum monthly payments on eligible participants credit card balances in the event of involuntary employment or temporary disability.  The program also offers a

loss-of-life benefit, which pays participants' outstanding balances (up to $10,000) in the event of death or permanent disability. Capital One charges program participants $0.89 per $100 of their monthly statement balances.

Plaintiffs allege Capital One either (i) fails to provide adequate information regarding Payment Protection coverage and restrictions prior to selling the product to consumers, or (ii) unilaterally imposes the feature on customer's without their consent and requires consumers to take action to cancel the coverage. Furthermore, Plaintiffs claim the information ultimately provided to customers is misleading and obfuscatory, and that the program is virtually worthless due to numerous restrictions and bureaucratic hurdles placed in the path of participants seeking coverage. As a result of Capital One's conduct, Plaintiff's filed the instant action alleging violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.* (the "FDUTPA"), and asserting claims for injunctive relief/restitution, declaratory relief, and unjust enrichment.

Plaintiffs filed their Complaint on behalf of themselves and others similarly situated. They seek certification of a class of Florida residents who were solicited by, and made payments to, Capital One for Payment Protection. In addition Plaintiffs seek certification of two subsets of Florida residents who (i) had concurrent or multiple credit cards with Payment Protection, or (ii) were retired or were senior citizens at the time they were solicited by, and made payments to, Capital One for Payment Protection.

In addition to the allegations common to all Plaintiffs, Plaintiffs Janice Scott, Philip Scott, and Rajshawn Scott (the "Scott Plaintiffs") allege they have received multiple credit

cards from Capital One bearing Payment Protection features. Plaintiff Heather Sprague alleges she was enrolled in the Payment Protection program, although she has no specific memory of requesting or assenting to enrollment.[1] Sprague alleges she received a form letter from Capital One congratulating her from enrolling in the program. Attached to the letter was a "question and answer" page which set forth restrictions to coverage. The reverse side of the page, entitled "Addendum to your Capital One Customer Agreement," described a number of additional restrictions and conditions to coverage.

Sprague alleges the restrictions and conditions were imposed after coverage was accepted. By way of example, the restrictions included excluded the following from the temporary disability benefit: self employed persons, persons employed by a co-card holder, persons who are not employed "full time," persons in seasonal occupations, unemployed or retired persons, and persons with self-inflicted injuries. In addition, coverage was limited to twelve months, required certification by a physician, and did not apply during the first thirty days of unemployment or disability.

Sprague claims although she met all listed conditions, Capital One refused to honor the Payment Protection coverage. After becoming disabled due to illness and surgery, Sprague could not secure payment from Capital One under the Payment Protection program. Plaintiffs allege Capital One has likewise refused to provide coverage to numerous Florida citizens who meet all listed requirements and/or conditions of the program.

---

[1] Sprague admits it is possible she assented to the coverage in some manner, though she has no recollection of doing so.

Plaintiff Kenneth Spinelli, a retired senior citizen, alleges he was enrolled in the program and charged for Payment Protection despite the fact that, as a retired and unemployed person, he was never eligible for coverage. On behalf of themselves and all class members, Plaintiffs generally allege Capital One imposed charges for Payment Protection on consumers who neither requested the product nor assented to enrollment in writing.

## Discussion

### I. Motion to Dismiss Standard Under 12(b)(6)

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1959.

## II.     Legal Analysis

Capital One argues Plaintiffs have failed to allege facts sufficient to state a claim under the FDUTPA. To state a claim under the FDUTPA, a party must plead "a deceptive act or unfair practice, (2) causation, and (3) actual damages." *Third Party Verification, Inc. v. Signaturelink, Inc.*, 492 F. Supp. 2d 1314, 1326 (M.D.Fla. 2007). While "deception" and "unfair practice" are not defined under the FDUTPA, the Eleventh Circuit and the Florida Supreme Court have noted "deception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Zlotnick v. Premier Sales Group, Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007) (citing *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003)) (quotation marks and additional citation omitted). An unfair practice is "one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *PNR,* 842 So. 2d at 777 (quotation marks and citation omitted).

Accepting factual allegations in the Complaint as true, and evaluating all inferences in the light most favorable to Plaintiffs, the Court concludes Plaintiffs have stated a valid claim under the FDUTPA. Plaintiffs' general allegations that Capital One fails to provide adequate information regarding Payment Protection coverage and restrictions prior to selling the product to consumers, together with the allegation that it unilaterally imposes the feature

on customer's without their consent, are sufficient allegations of deceptive and unfair trade practices.[2] Theses allegations are common to each named plaintiff in this action.

Furthermore, although Sprague has no recollection as to whether or not she assented to enrollment in the program, she has alleged that the restrictions were imposed after her enrollment, and that she was denied coverage despite her rightful demand for benefit payments. These facts, as alleged, further support the Court's conclusion that Plaintiffs have stated a valid FDUTPA claim.

Plaintiffs argue Capital One's conduct toward Spinelli was deceptive and unfair because, as a retired senior citizen, he was never eligible for coverage. Capital One argues Spinelli has failed to state a valid claim because, although as a retired person he was not eligible for the involuntary unemployment or temporary disability coverage, he was eligible for the loss-of-life benefit. However, as with the Scott Plaintiffs, the allegations specific to Spinelli are in addition to and not exclusive of the general allegations applicable to all plaintiffs. Moreover, the fact Spinelli retained some Payment Protection benefit does not excuse Capital One's alleged failure to adequately disclose all restrictions and exclusions prior to his enrollment. Accordingly, Capital One's motion to dismiss should be denied with respect to Plaintiff's FDUTPA claims.

---

[2] Capital One argues that the only allegations relating to the Scott Plaintiffs are that they received multiple cards with Payment Protection features. However, these allegations are in addition to, and not exclusive of, the general allegations set forth in paragraphs 19-27 and 42 of the Complaint.

Capital One has also moved to dismiss Plaintiffs' claims for unjust enrichment. Capital One argues that under both Florida and Virginia law[3], unjust enrichment is unavailable where an express contract exists. However, despite Capital One's characterization of the Payment Protection restrictions and conditions as an "Addendum" to the "Customer Agreement," Plaintiffs have alleged they were never given the opportunity to review or accept the restrictions prior to enrollment in the program. Moreover, Plaintiffs allege Capital One unilaterally enrolled consumers in the Payment Protection program without their consent. Taking Plaintiffs allegations as true, there was no "meeting of the minds," and thus no express contract regarding the Payment Protection program. Following appropriate discovery, Capital One may again raise this issue in a motion for summary judgment. At this stage, Capital One's motion should be denied in its entirety.

It is therefore ORDERED AND ADJUDGED that Defendants, Capital One Bank and Capital One Services, Inc.'s, Dispositive Motion to Dismiss and Supporting Memorandum of Law (Dkt. 20) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 20, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-132.mtd.frm

---

[3] Capital One argues the subject cardholder agreements are governed by Virginia law.