UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH SPINELLI, et al.,

    Plaintiffs,

v.                                             Case No.: 8:08-CV-0132-T-33EAJ

CAPITAL ONE BANK, et al.,

    Defendants.
_____/

## ORDER

Before the court are Plaintiffs' **Motion for Leave to File Third Amended Class Action Complaint** (Dkt. 27), Plaintiffs' **Brief in Support** (Dkt. 28), and Defendants' **Memorandum of Law in Opposition** (Dkt. 29).  Plaintiffs request permission to remove two plaintiffs from their complaint, add one plaintiff to their complaint, and remove a subsection from their complaint. Defendants counter that Plaintiffs have not been diligent in pursuing the requested relief and thus are not entitled to amend their complaint.

Pursuant to Rule 16(b)(3), Fed. R. Civ. P., the district court must issue a scheduling order limiting the time to join other parties, amend the pleadings, complete discovery, and file motions. Rule 16(b)(3), Fed. R. Civ. P.  Once a scheduling order is issued, motions to amend any pleading are "distinctly disfavored." Local Rule 3.05(c)(2)(E), M.D. Fla.  Further, deadlines in a scheduling order may be modified "only for good cause and with the judge's consent."  Rule 16(b)(4), Fed. R. Civ. P.

Inherent in the good cause standard is the notion that a party must be diligent in attempting to meet the deadlines in a scheduling order.  Where a party fails to show such diligence, good cause for a modification cannot be found.  Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir.

1998).

Plaintiffs filed a First Amendment Class Action Complaint on January 18, 2008 (Dkt. 2) and a Second Amended Class Action Complaint on February 28, 2008 (Dkt. 16). On May 21, 2008, the court entered a Case Management and Scheduling Order warning the parties that motions to amend any pleading would thereafter be "disfavored" (Dkt. 24).

Over four months later, Plaintiffs now seek permission to amend their complaint once more. Despite the disfavored nature of such amendments at this stage in the proceedings, Plaintiffs submit such permission should "be freely given" pursuant to Rule 15(a), Fed. R. Civ. P. (Dkt. 28 at 1). Some courts in this district have issued divergent opinions as to whether Rule 15 or Rule 16 of the Federal Rules of Civil Procedure applies where a scheduling order fails to set a deadline for amending the pleadings but warns that such amendments are disfavored. Compare Perez v. Pavex Corp., No. 8:01-CV-0069-T-27MSS, 2002 WL 31500404, at *1 (M.D. Fla. Oct. 18, 2002) (applying Rule 15) with Fla. Family Ass'n v. Sch. Bd. of Hillsborough County, 494 F. Supp. 2d 1311, 1325-26 (M.D. Fla. 2007) (applying Rule 16) and Belnavis v. Nicholson, No. 8:05-CV-778-T-23TGW, 2006 WL 3359684, at *6 (M.D. Fla. Nov. 20, 2006) (same). The Eleventh Circuit has apparently not ruled on this issue.

The court finds that applying the Rule 16 "good cause" standard to these circumstances is the better approach. First, it makes little sense for the court to freely grant leave to amend the pleadings pursuant to Rule 15 while stating in the scheduling order that such amendments are disfavored. Moreover, Plaintiffs' attempt to amend their complaint at this stage in the proceedings may well require the extension of other specific deadlines in the court's May 21 scheduling order.

Application of the Rule 16 "good cause" standard warrants denial of leave to amend the

complaint. Defendants claim that Plaintiffs knew some of their claims were time-barred two months before the scheduling order was issued (Dkt. 29 at 5). It is only now, however, that Plaintiffs seek to remove those claims from their complaint. Moreover, Plaintiffs have not shown they were unable to pursue the other desired amendments at an earlier date. Plaintiffs have not convinced the court that they acted diligently to amend their complaint either before or after the scheduling order was issued. Thus, the court finds a lack of good cause, as required by Rule 16(b)(4), Fed. R. Civ. P., to allow Plaintiffs to file a third amended complaint.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)   Plaintiffs' Motion for Leave to File Third Amended Class Action Complaint (Dkt. 27) be **DENIED.**

**Date:  October 28, 2008**

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge

3