```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION

KENNETH SPINELLI, et al.,

          Plaintiffs,
v.                                Case No.  8:08-cv-132-T-33EAJ

CAPITAL ONE BANK and CAPITAL
ONE SERVICES, INC.,

          Defendants.
_____/
```

**ORDER**

This cause comes before the Court pursuant to the report and recommendation of Elizabeth A. Jenkins, United States Magistrate Judge (Doc. # 43), in which Judge Jenkins recommends that Plaintiffs' motion for class certification (Doc. # 32) be denied without prejudice. On January 5, 2009, Defendants filed an objection to certain portions of Judge Jenkins' report and recommendation, and such objections are ripe for this Court's review. (Doc. ## 44, 46).

Also before this Court is Defendants' motion to strike the exhibits attached to Plaintiffs' response to Defendants' objections to Judge Jenkins' report and recommendation. (Doc. # 48). Plaintiffs did not file a response to Defendants' motion to strike; however, this Court can ascertain Plaintiffs' position on the motion to strike from Plaintiffs' response in opposition to Defendants' objections to the report

and recommendation, a filing in which Plaintiffs explained their reasons for initially refraining from filing the exhibits that Defendants now seek to strike.

For the reasons that follow, this Court adopts Judge Jenkins' report and recommendation, denies the motion for class certification without prejudice and denies Defendants' motion to strike.

## I.  **Legal Standard**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1);  Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations.  28 U.S.C. § 636(b)(1)©).  The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

**II.  <u>Report and Recommendation</u>**

In her report and recommendation, Judge Jenkins carefully evaluates Plaintiffs' motion for class certification (Doc. # 32) as well as Defendants' response (Doc. # 33), Plaintiffs' reply (Doc. # 40), and Defendants' sur-reply (Doc. # 41). (Doc. # 43).  Judge Jenkins makes the following findings in her well-organized and thorough report and recommendation: (1) that Plaintiffs' motion for class certification is timely filed; (2) that Plaintiffs' class and sub-class are properly defined; (3) that Plaintiffs have standing (particularly Sprague as class representative and Spinelli as sub-class representative); (4) that the numerosity requirement of Rule 23(a)(1), Fed. R. Civ. P., is satisfied as to the class and sub-class; (5) that the commonality requirement of Rule 23(a)(2), Fed. R. Civ. P., is satisfied as to the class and sub-class; (6) that the typicality requirement of Rule 23(a)(3), Fed. R. Civ. P., is satisfied as to the class and sub-class; and (7) that the adequacy requirement of Rule 23(a)(4), Fed. R. Civ. P., is not met because "Plaintiffs have failed to show that Sprague and Spinelli will adequately prosecute this action . . . . [and] that Sprague or Spinelli understands the case and is willing and able to take an active role in the litigation." (Doc. # 43 at 1-11).

Based upon these findings, Judge Jenkins recommends that Plaintiffs' motion for class certification be denied without prejudice and that Plaintiffs be permitted to file an amended motion for class certification.

## III. Objections

Defendants object to Judge Jenkins' findings regarding class and sub-class definitions as well as Judge Jenkins' findings regarding commonality and typicality under Rule 23(a), Fed. R. Civ. P.  Defendants also contend that Judge Jenkins failed to discuss the adequacy of class counsel and also failed to address the requirements of Rule 23(b), Fed. R. Civ. P.  (Doc. # 44).  In addition, Defendants argue that Plaintiffs failed to come forward with evidence in support of their motion for class certification.  Defendants request that this Court reject Judge Jenkins' recommendations and deny Plaintiffs' motion for class certification with prejudice.

Plaintiffs filed a response in opposition to Defendants' objection on January 15, 2009, and Plaintiffs filed various exhibits in support of their response. (Doc. # 46).[1] In their response, Plaintiffs correctly argue that Defendants' arguments concerning class and sub-class definitions, as well

---

[1] As will be discussed below, Defendants seek to strike Plaintiffs' exhibits.

-4-

as Defendants' arguments concerning commonality and typicality, are a mere re-hash of Defendants' initial arguments in response to Plaintiffs' motion for class certification.

Plaintiffs also address the matters that were not discussed in Plaintiffs' original motion for class certification – particularly, the adequacy of Plaintiffs' counsel and the adequacy of the proposed class representatives.

After reviewing these submissions, this Court determines that any further remarks on the original motion for class certification (Doc. # 32) are unnecessary and would constitute a waste of scarce judicial resources.  Plaintiffs filed an amended motion for class certification on January 30, 2009, as well as a lengthy brief in support of class certification. (Doc ## 55, 56).

Defendants should direct their arguments concerning class certification to Plaintiffs' amended motion, rather than to Plaintiffs' original motion and Judge Jenkins' concise analysis.

The Court has conducted an independent examination of the file and, upon due consideration of the report and

recommendation, the Court accepts and adopts the report and recommendation of Judge Jenkins.

**IV.  <u>Defendants' Motion to Strike</u>**

As noted, Plaintiffs filed a number of exhibits in support of their response in opposition to Defendants' objections to the report and recommendation.  These exhibits include what appear to be Defendants' sample marketing letter, Defendants' sample "Welcome" letter, Defendants' "Frequently Asked Questions," and Defendants' telemarketing script. (Doc. # 46).  Defendants seek an order striking the exhibits from the record.

In their motion to strike, Defendants contend, first, that Plaintiffs previously petitioned Judge Jenkins for permission to file these exhibits and that Judge Jenkins denied the same.  Essentially, Defendants assert that Plaintiffs are attempting to make an end run around Judge Jenkins' ruling.  However, this Court has scoured the record, and it does not appear that Judge Jenkins ever made such a ruling regarding the exhibits in question. Judge Jenkins entered a report and recommendation on October 28, 2008, in which she recommended that Plaintiffs be denied the opportunity to file a third amended complaint. (Doc. # 31). On November 18, 2008, this Court adopted the October 28, 2008,

report and recommendation. (Doc. # 37). Neither the report and recommendation nor the order adopting the report and recommendation addressed the exhibits that Defendants now seek to strike.

Furthermore, on November 26, 2008, Judge Jenkins entered an endorsed order in which she limited the substance of Plaintiffs' reply memorandum regarding class certification to the issue of timeliness. (Doc. # 39) This Court does not interpret Judge Jenkins' endorsed order as a bar on the filing of the exhibits now before the Court. Therefore, Defendants' first argument in support of the motion to strike is without merit.

Next, Defendants assert that Plaintiffs should have filed the exhibits, if ever, in conjunction with Plaintiffs' initial motion for class certification – and not in Plaintiffs' response to Defendants' objections to the report and recommendation. Plaintiffs did not file an official response to the motion to strike, but Plaintiffs addressed the propriety of filing the exhibits in their response to Defendants' objections to Judge Jenkins' report and recommendation. (Doc. # 46 at 5). There, Plaintiffs contend that Plaintiffs have consistently referred to the documents in this litigation, but did not initially file the documents

-7-

because Plaintiffs felt that the documents could have been considered proprietary in nature (and possibly subject to a protective order or agreement regarding disclosure).

Plaintiffs filed the exhibits in question only after Defendants, in their objections to the report and recommendation, argued that Plaintiffs failed to file evidence in support of Plaintiffs' motion for class certification. This Court views Plaintiffs' filing of the exhibits as an appropriate counter measure in response to Defendants' argument that Plaintiffs lack evidentiary support.

On balance, this Court determines that Defendants' arguments in support of the motion to strike are without merit, that the documents in question are germane to the issue at hand, and that the documents are not subject to being stricken from the record.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The report and recommendation of Elizabeth A. Jenkins, United States Magistrate Judge (Doc. # 43) is **ADOPTED, CONFIRMED,** and **APPROVED** and is made a part of this Order for all purposes, including appellate review.

(2) Plaintiffs' motion for class certification (Doc. # 32) is denied without prejudice.

(3) Defendants' motion to strike the exhibits attached to Plaintiffs' response to Defendants' objections to Judge Jenkins' report and recommendation (Doc. # 48) is **DENIED**.

(4) Defendants shall file their response to Plaintiffs' Amended Motion for Class Certification (Doc. # 55) and supporting brief (Doc. # 56) within ten days of the date of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 14th day of March 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record