**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KENNETH SPINELLI, et. al.,

    Plaintiffs,

v.

CAPITAL ONE BANK and CAPITAL ONE SERVICES, INC.,

    Defendants.

CASE NO.: 8:08-cv-132-VMC-EAJ

**DEFENDANTS CAPITAL ONE BANK (USA), N.A. AND**
**CAPITAL ONE SERVICES, LLC'S[1] BRIEF ON ADEQUACY OF COUNSEL**

Plaintiffs, seeking to represent a class of more than 729,000 Florida consumers, want their selected counsel, including attorneys of the law firm formerly known as Cauley Bowman Carney & Williams (the "Cauley Firm"),[2] appointed class counsel in this case. But founding partner Steven Eugene Cauley, who until recently held approximately 90% of the firm's equity, pled guilty to federal crimes relating to his misappropriation of $9.3 million in settlement funds from another class action (Ex. B to Docket No. 87), a fact plaintiffs' counsel have never disclosed to this Court. Though Mr. Cauley did not appear as counsel of record in this case, his significant leadership and control of the Cauley Firm — which firm proved incapable of safeguarding class funds — makes his criminal conviction relevant to the Court's consideration of plaintiffs' class certification motion. That plaintiffs' counsel failed to inform the Court about

---

[1] On March 1, 2008, Capital One Bank changed its charter from that of a Virginia general purpose bank to that of a national bank named "Capital One Bank (USA), N.A." On January 30, 2009, Capital One Services, Inc. converted to a limited liability company, changing its name to "Capital One Services, LLC."

[2] The law firm once known as Cauley Bowman Carney & Williams changed its name to Carney Williams Bates Bozeman & Pulliam. A review of the documents filed by plaintiffs in this case reveals that the firm name change occurred sometime after plaintiffs filed their April 21, 2009 motion for leave to file a reply brief (Docket No. 71) but before they filed their May 20, 2009 reply brief (Docket No. 75). For sake of simplicity, Capital One uses the term "Cauley Firm" to mean the firm with which proposed class counsel T. Brent Walker was and is associated.

Mr. Cauley's criminal activities and guilty plea raises serious questions about whether plaintiffs' counsel are adequate to serve as class counsel in this case.

"Needless to say, Cauley Bowman Carney & Williams…[is] qualified to represent the Class and Sub-Class and will,…, vigorously protect the interests of the Class and Sub-Class." (Docket No. 33 at 11-12.)  The named plaintiffs in *In re BISYS Securities Litigation*, 04 CV 3840, United States District Court for the Southern District of New York, likely thought the same thing when they sought to have the Cauley Firm appointed as class counsel in their case. But those plaintiffs could not have expected Mr. Cauley to misappropriate $9.3 million of their settlement funds.  (*See* Ex. B to Docket No. 87.)[3]  Mr. Cauley's misappropriation of the $9.3 million came to light in early April 2009, when Mr. Cauley failed to comply with a court order requiring him to wire that money to an independent settlement administrator.  (*Id*.)

As recently as April 2009, the Cauley Firm lacked (and may continue to lack) internal controls sufficient to protect against theft of class settlement funds.  But rather than disclosing this fact to the Court — and risking an order finding that proposed counsel are inadequate — plaintiffs' counsel have remained silent.  In their quest to represent more than 729,000 Florida consumers, plaintiffs' counsel did not inform the Court that one of the law firms seeking appointment as class counsel failed to safeguard the settlement funds of another class it represented.  Plaintiffs' counsel were content to keep this Court in the dark regarding Mr. Cauley's misappropriation of class settlement funds, as they continued to argue that the Cauley Firm should be appointed class counsel.

The adequacy requirement of Rule 23(a) "'involves questions of whether plaintiffs'

---

[3]  On June 5, 2009, Capital One requested judicial notice of the criminal docket sheet reflecting Mr. Cauley's guilty plea, the information charging Mr. Cauley with wire fraud and criminal contempt, and two orders of Judge Rakoff, United States District Judge, Southern District of New York, which are referred to in the information charging Mr. Cauley.  (*See* Docket No. 87.)

counsel are qualified, experienced, and generally able to conduct the proposed litigation.'" *Pop's Pancakes, Inc. v. NcCO2, Inc.*, 251 F.R.D. 677 (S.D. Fla. 2008) (quoting *Griffin v. Carlin*, 755 F.2d 1516. 1533 (11th Cir. 1985)).  That one of the firms plaintiffs would have this Court appoint to represent a class of more than 729,000 Florida consumers was, until very recently, controlled by a now admitted felon whose crime consisted of the misappropriation of class settlement funds calls into question the adequacy of plaintiffs' counsel to represent the interests of the class.  Moreover, that plaintiffs' counsel failed to alert the Court to this issue raises further questions concerning counsel's adequacy.

Capital One respectfully requests that the Court find plaintiffs' counsel inadequate for purposes of Rule 23 and deny plaintiffs' amended motion for class certification.  Plaintiffs should have notified the Court of Mr. Cauley's guilty plea and the circumstances of it, as they relate to the issue of adequacy of counsel in this case.  Their failure to do so, along with the Cauley Firm's inability to adequately protect class funds, should disqualify plaintiffs' counsel from serving as class counsel, where the interests of more than 729,000 Florida consumers are potentially at stake.

Dated: July 2, 2009                                  Respectfully submitted,

                                                   **s/ Gregory P. Dresser**
                                                   Gregory P. Dresser
                                                   California Bar No. 136532 (admitted *pro hac vice*)
                                                   Karen Kreuzkamp
                                                   California Bar No. 246151 (admitted *pro hac vice*)
                                                   MORRISON & FOERSTER LLP
                                                   425 Market Street
                                                   San Francisco, California 94105
                                                   Telephone:     (415) 268-7000
                                                   Fax:               (415) 268-7522
                                                   GDresser@mofo.com
                                                   KKreuzkamp@mofo.com
                                                   **AND**

Eric S. Adams
Florida Bar No. 0090476
Francis A. Zacherl
Florida Bar No. 0868094
SHUTTS & BOWEN, LLP
100 S. Ashley Drive, Suite 1500
P.O. Box 2481 (ZIP 33601-2481)
Tampa, Florida  33602-5309
Telephone:     (813) 227-8122
Fax:               (813) 227-8222
eadams@shutts.com

ATTORNEYS FOR DEFENDANTS, CAPITAL ONE BANK (USA), N.A. and CAPITAL ONE SERVICES, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 2, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Kevin M. McLaughlin, Esquire [Kevin@wagnerlaw.com]
    Eric S. Adams, Esquire [EAdams@shutts.com]
    Karen Kreuzkamp, Esquire [KKreuzkamp@mofo.com]
    Steven A. Owings, Esquire [sowings@owingslawfirm.com]
    Brent Walker, Esquire [bwalker@carneywilliams.com]
    Marcus N. Bozeman [Carney Williams Bates Bozeman & Pulliam, PLLC, Suite 200
        11311 Arcade Drive, Little Rock, AR 72221-5438]

                **s/ Gregory P. Dresser**
                Gregory P. Dresser
                California Bar No. 136532 (admitted *pro hac vice*)
                MORRISON & FOERSTER LLP
                425 Market Street
                San Francisco, California 94105
                Telephone:    (415) 268-7000
                Fax:             (415) 268-7522
                GDresser@mofo.com