**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KENNETH SPINELLI, et al.,

                Plaintiffs,

   v.

CAPITAL ONE BANK and CAPITAL ONE
SERVICES, INC.,

             Defendants.

CASE NO.: 8:08-cv-132-VMC-EAJ

**DEFENDANTS CAPITAL ONE BANK (USA), N.A. AND CAPITAL ONE SERVICES, LLC'S[1] OBJECTIONS TO THE REPORT AND RECOMMENDATION**

Pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 6.02, Defendants Capital One Bank (USA), N.A. and Capital One Services, LLC (collectively "Capital One") respectfully object to portions of the Magistrate Judge's Report and Recommendation on Plaintiffs' Motion and Amended Motion for Class Certification ("R&R") (Docket No. 96). Capital One respectfully requests that this Court conclude that plaintiffs failed to establish the requirements of Rule 23 of the Federal Rules of Civil Procedure and deny plaintiffs' Motion and Amended Motion for Class Certification (Docket Nos. 32 and 55).

**I.     INTRODUCTION**

Plaintiffs, as the party seeking class certification, bear the burden of establishing that all of the requirements of Rule 23(a) of the Federal Rules of Civil Procedure — numerosity, commonality, typicality, and adequacy — as well as one of the requirements of Rule 23(b), are met. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997) (party seeking class certification bears burden of establishing that the requirements of Rule 23 are met); *Vega v. T-*

---

[1] On March 1, 2008, Capital One Bank changed its charter from that of a Virginia general purpose bank to that of a national bank named "Capital One Bank (USA), N.A." On January 30, 2009, Capital One Services, Inc. converted to a limited liability company, changing its name to "Capital One Services, LLC."

*Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009) (same); *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1321 (11th Cir. 2008) (same).   To meet this burden, the party seeking class certification must put forth sufficient evidence to show that all of the requirements of Rule 23 are met.   *See Vega*, 564 F.3d at 1266-67.   Bare allegations are insufficient to support class certification, as the court's factual findings on Rule 23 requirements "must find support in the *evidence* before it." *Id*. at 1267 (emphasis added).

In considering a motion for class certification, a court "must conduct a rigorous analysis of the rule 23 prerequisites." *Vega*, 564 F.3d at 1266.   "'Going beyond the pleadings is necessary . . . in order to make a meaningful determination of the certification issues.'" *Id*. (quoting *Castano v. Am. Tobacco Corp.*, 84 F.3d 734, 744 (5th Cir. 1996)).   Therefore, the party seeking class certification must make "*some* showing affording the district court the means to make a supported factual finding" that the requirements of Rule 23 are met.  *Vega*, 564 F.3d at 1267 (emphasis added).   Without evidence to support each of the requirements of Rule 23, class certification is inappropriate.  *See id*. at 1266-67.

Capital One respectfully submits that several of the R&R's findings are in error.   First, the R&R incorrectly finds that plaintiff Spinelli is adequate to serve as the class and subclass representative.   Second, the R&R incorrectly finds that plaintiffs' counsel are adequate.   Third, the R&R incorrectly finds that plaintiffs have met the requirements of Rule 23(b).   Finally, the R&R errs in not ending the proposed class period on March 1, 2008.

Capital One files these objections pursuant to Federal Rule of Civil Procedure 72(b)(2).   This Court reviews *de novo* the portions of the R&R to which Capital One objects.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d

507, 512 (11th Cir. 1990) ("The *de novo* review requirement [of the magistrate judge's report and recommendation] is essential to the constitutionality of section 636.").

## II.    OBJECTIONS

### A.    The R&R Incorrectly Finds that Plaintiff Spinelli is Adequate to Serve as the Class and Subclass Representative.

The R&R errs in finding that plaintiff Spinelli is adequate to serve as class and subclass representative.  To establish adequacy, plaintiff Spinelli must demonstrate that he will "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4); *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1253 (11th Cir. 2003) (internal citation omitted); *see also Busby*, 513 F.3d at 1323 (party seeking certification must show it will adequately prosecute the action); *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003) (same).  The adequacy requirement protects the due process rights of absent class members and of defendants: without adequate class representation, absent class members may suffer loss of claims, or defendants may lose a favorable judgment to collateral attack.  *See Hansberry v. Lee*, 311 U.S. 32, 42-43 (1940); *Crawford v. Honig*, 37 F.3d 485 (9th Cir. 1994) (class judgment properly vacated as to class members inadequately represented).

Plaintiffs failed to establish that Spinelli can or will "fairly and adequately protect the interests of the class."  Spinelli testified that he does not know what a class representative is, what responsibilities a class representative has, or what claims are being asserted in this case. (Dresser Decl. Ex. 1 at 52:16-25, 57:13-58:1, 71:2-12, 73:8-25, 77:22-78:5.)  He further testified that he has not participated in formulating case strategy, has not discussed the goals of the litigation with counsel, and, in fact, generally communicates with counsel less than twice a year. (*Id*. at 63:19-22, 64:1-4, 79:3-13.)  Still, the R&R finds him to be an adequate class and subclass representative.  (Docket No. 96 at 8-9.)  Capital One submits that this finding was in error.

The R&R correctly identifies that "the court must assess 'the forthrightness and vigor with which the representative party can be expected to assert and defend the interest of the . . . class.'"  (Docket No. 96 at 5 (quoting *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1254 (11th Cir. 2003)).)   "This assessment must be 'stringent,' especially where the class representative's potential recovery is dwarfed by the potential attorneys' fees."  (*Id*. at 5-6 (quoting *London*, 340 F.3d at 1254).)  The R&R notes that "the need for a stringent examination" in this case is "especially great" "given that Plaintiffs' putative class may contain hundreds of thousands of members and the individual recovery amounts may be relatively small."  (*Id*. at 6 n.7 (internal citations and quotations omitted).)

Despite this, the R&R fails to subject the question of plaintiff Spinelli's adequacy to anything close to "stringent examination."  Rather, the R&R simply lists reasons it believes Spinelli to be adequate: he reviewed the complaints to check the accuracy against his own files; he is aware the class is located in Florida; he recognizes that his duties include testifying truthfully at deposition and trial; and he promises to represent the class to the best of his abilities. (Docket No. 96 at 8.)   None of these reasons support the ultimate finding that Spinelli is adequate.  First, Spinelli's own testimony establishes that he is not diligent: Spinelli testified that he compared the complaints with his own files, but he also said that he "just reviewed them briefly and put them aside."  (Dresser Decl. Ex. 10 at 66:4-8.)  Second, believing his duties to the class consist simply of testifying truthfully and promising to represent the class to "the best of his abilities" cannot qualify Spinelli to serve as class representative.  (Docket No. 96 at 8 (internal quotation and citation omitted).)  This is especially true when "the best of his abilities" does not include knowing what the case is about, what duties the law imposes on class representatives, or even that he was a proposed class representative.  (Dresser Decl. Ex. 1 at 52:16-25, 57:13-58:1,

4

71:2-12, 73:8-25, 77:22-78:5.)  That Spinelli knows that the class is located in Florida cannot be enough to establish his adequacy to serve as class representative.

Moreover, that "the best of his abilities" does not include monitoring of counsel makes Spinelli inadequate to serve as class representative.  *See Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 727 (11th Cir. 1987) (certification properly denied "where the class representatives [have] so little knowledge of and involvement in the class action that they would be unable or unwilling to protect the interests of the class against the possibly competing interests of the attorneys").  Spinelli testified that he promised to represent the class to "the best of his abilities," but he does not monitor — or even speak with — counsel on a regular basis. (Dresser Decl. Ex. 1 at 63:19-22, 64:1-4, 79:3-13.)  Spinelli testified that he has not participated in any discussions he "would call" "'strategy.'"  (*Id*. at 63:19-22.)  When asked if he discussed goals of the litigation with his lawyers, Spinelli said he has "wish[ed] them well and hope[s] that they succeed on [his] behalf."  (*Id*. at 64:1-4.)  He said if he speaks with counsel "once every six months, it's a lot."  (*Id*. at 79:3-13.)

The R&R further errs in that it fails to address Capital One's argument that Spinelli is not an adequate class representative for the additional reason that his claim is not typical of the class or subclass.[2]  He cannot be typical of the class or subclass because no alleged misrepresentations

---

[2] Capital One respectfully maintains, and in no way waives, its arguments that plaintiffs failed to establish standing, as required by the U.S. Constitution, and commonality and typicality, as required by Rule 23(a) of the Federal Rules of Civil Procedure.  Capital One further maintains, and in no way waives, its arguments that the class and subclass definitions proposed by plaintiffs — and approved by the Court — are improper because they are overbroad and require individual inquiry into the merits of the claims of each potential class and subclass member to determine who is and who is not in the class and subclass. "A district court must conduct a rigorous analysis of the rule 23 prerequisites before certifying a class." *Vega*, 564 F.3d at 1266 (internal quotation and citations omitted).  Here, there was no evidence before the Magistrate Judge, so the Magistrate Judge could not have conducted a "rigorous analysis," and the finding that plaintiffs met the commonality and typicality requirements is not supported by the factual record before the Magistrate Judge.  Capital One respectfully submits that no part of the Court's Order of March 14, 2009 (Docket No. 61) conducts a "rigorous analysis" of the Rule 23 requirements, and its approval of the Magistrate Judge's finding is unsupported by the factual record before the Court.

of Capital One regarding his ineligibility for the "inability to work benefit" caused him to suffer any damages.  (*Id*. at 120:9-16.)  "A class representative must possess the same interest and suffer the same injury as the class members in order to be typical under Rule 23(a)(3)." *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001).

The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") claim that plaintiffs have asserted in this case requires proof of causation and damages, as well as unfair practice or deceptive act.   *Pop's Pancakes, Inc. v. NuCO2, Inc.*, 251 F.R.D. 677, 685 (S.D. Fla. 2008) (violation of FDUTPA requires proof of a deceptive act or unfair practice, causation, and damages).  Spinelli purchased Payment Protection for the "death benefit," a benefit for which he actually was eligible despite the fact that he was retired and disabled.  Whatever was said to Spinelli regarding the "inability to work benefit" was not a factor in his enrollment decision. (Dresser Decl., Ex. 1 at 120:9-16.)  He therefore cannot establish either causation or damages as to the "inability to work benefit."  Spinelli is not typical of other potential class members, i.e., employed and not disabled individuals who enrolled in and paid for Payment Protection because of some allegedly deceptive act or unfair practice of Capital One.  He is also not typical of other potential members of the subclass, i.e., retired individuals or senior citizens who enrolled in and paid for Payment Protection because of some allegedly deceptive act or unfair practice of Capital One regarding the "inability to work benefit."

Spinelli is not adequate to serve as a class or subclass representative, and the R&R errs in finding him so.

### B.      The R&R Incorrectly Finds that Plaintiffs' Counsel Are Adequate.

The adequacy requirement of Rule 23(a) "'involves questions of [] whether plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation…'"

*Pop's Pancakes*, 251 F.R.D. at 683 (quoting *Griffin v. Carlin*, 755 F.2d 1516, 1533 (11th Cir. 1985)); *Miles v. America Online, Inc.*, 202 F.R.D. 297, 303 (M.D. Fla. 2001) (same).   In the Conclusion section, the R&R simply states that "Plaintiffs' counsel is adequate to represent Plaintiffs' proposed class and sub-class."   (Docket No. 96 at 15-16.)   But nowhere in the R&R is the adequacy of plaintiffs' counsel examined, let alone subjected to any of the "rigorous analysis" required by *Vega*.   *Vega*, 564 F.3d at 1266.   The R&R's conclusory statement as to the adequacy of plaintiffs' counsel "cannot truly be called analysis, is grossly insufficient and easily rises to the level of an abuse of discretion."   *Id.* at 1278.

And, in fact, plaintiffs' counsel are not adequate to represent any class in this case.   To begin with, the adequacy of plaintiffs' counsel is called into question by the fact that they submitted affidavits to the Court that do not comply with applicable law.   In a footnote, the R&R acknowledges that the "circumstances [under which the affidavits were notarized] may be questionable."   (Docket No. 96 at 4-5 n.6.)   To call the circumstances "questionable" is quite generous, as the circumstances under which the affidavits were notarized are in clear contravention of Florida law.   Plaintiffs signed the affidavits in Florida, outside the presence of a notary, then transmitted the signature pages to Arkansas, where notaries purported to notarize facsimile copies of the signatures. (Dresser Decl., Exs. 2 and 3.)   The manner in which these affidavits were notarized violates Florida law: "A notary public may not notarize a signature on a document if the person whose signature is being notarized is not in the presence of the notary public at the time the signature is notarized."   Fla. Stat. § 117.107(9).   Moreover, "[a] notary public may not change anything in a written instrument after it has been signed by anyone."   Fla. Stat. § 117.107(7).   The date on plaintiff Spinelli's affidavit was added after he signed it. (Dresser Decl., Ex. 4.)   That plaintiffs provided self-serving statements in response to

interrogatories does nothing to change the fact that the affidavits were not notarized in conformity with Florida law.[3]   Presenting these affidavits to the Court calls into question the adequacy of plaintiffs' counsel.

Second, even if one were to overlook the dubious circumstances under which the affidavits were notarized, that plaintiffs' counsel filed them with the Court at all, knowing the statements contained in them to be untrue, raises serious questions as to the adequacy of plaintiffs' counsel.   Even if plaintiffs' counsel believed the statements contained in the affidavits to be true at the time of their execution, counsel knew the statements were not true just days later, at the depositions of their clients.   At deposition, both Scott and Spinelli[4] freely admitted facts completely at odds with the affidavits they had executed just days before deposition.[5]   The

---

[3]   Perhaps more importantly, the affidavits plaintiffs' counsel filed also fail to comply with federal law. 28 U.S.C. § 1746.

[4]   While plaintiffs sponsor Heather Sprague as a class representative, she failed to appear for her properly noticed deposition.   (Docket No. 96 at 6.)   The R&R found her to be inadequate to serve as class representative (*id.*), a finding to which Capital One has no objection.

[5]   As to Scott, *compare* Scott Affidavit (Dresser Decl., Ex. 5) ¶ 3 (Scott discussed the "strategy and litigation plan for this case") *with* her deposition testimony (Dresser Decl., Ex. 6) at 47:12-18 (Scott does not recall any role in the case); Scott Affidavit ¶ 3 (Scott agreed to serve as a lead plaintiff and discussed with counsel that "as lead plaintiff, [she is] a fiduciary of the Class and responsible for acting in the best interests of the Class throughout this litigation") *with* her deposition testimony at 39:15-40:2, 46:13-15, 44:3-7 (Scott does not know what a class action is, what a class representative does, or who is in the class in this case); Scott Affidavit ¶¶ 1, 3 (Scott retained three law firms as lead counsel) *with* her deposition testimony at 34:22-24, 40:10-12, 46:13-15, 44:3-7, 5:15-6:12 (Scott hired Brent Walker (of Cauley Bowman Carney & Williams PLLC) and Steven Owings (of the Owings Law Firm) (though, at deposition, she could not remember Mr. Owings's name), and only Messrs. Walker and Owings, as her lawyers).

As to Spinelli, *compare* Spinelli Affidavit (Dresser Decl., Ex. 4) ¶ 3 (Spinelli has discussed the "strategy and litigation plan for this case") *with* his deposition testimony (Dresser Decl., Ex. 1) at 63:12-22 (Spinelli has not participated in formulating case strategy); Spinelli Affidavit ¶ 3 (Spinelli agreed to serve as a lead plaintiff and discussed with counsel that "as lead plaintiff, [he is] a fiduciary of the Class and responsible for acting in the best interests of the Class throughout this litigation") *with* his deposition testimony at 71:2-12, 73:8-25, 77:22-78:5 (Spinelli did not know he was a proposed class representative and does not know what his responsibilities to the class are); Spinelli Affidavit ¶¶ 1, 3 (Spinelli retained three law firms as lead counsel) *with* his deposition testimony at 63:19-22, 64:1-4, 71:2-12, 73:8-25, 77:22-78:5, 31:14-19 (Spinelli hired Brent Walker (of Cauley Bowman Carney & Williams PLLC) and Steven Owings (of the Owings Law Firm), and only Messrs. Walker and Owings, as his lawyers).

R&R even found Scott to be inadequate based on the false statements in her affidavit: "Because Scott's testimony directly undermines many of the representations set forth in her affidavit, Plaintiffs have not met their burden of demonstrating Scott's adequacy as a class representative." (Docket No. 96 at 7-8.)  But still, despite the fact that the statements in the affidavits were shown to be false at deposition, plaintiffs' counsel later submitted the affidavits to the Court and asked the Court to rely upon them when considering plaintiffs' amended motion.  (Docket No. 56 at 4-5 and Exs. A and B.)  The presentation of these false statements should disqualify plaintiffs' counsel from serving as class counsel in this case.

Finally, plaintiffs' counsel did not disclose to this Court that one of the law firms representing plaintiffs was, until very recently, controlled by a now admitted felon whose crime consisted of the misappropriation of class settlement funds.   (Dresser Decl., Exs. 7-9.)   A reasonable person — and perhaps some of the more than 729,000 Florida consumers plaintiffs' counsel seek to represent — would think that this fact was important and that plaintiffs' counsel should have disclosed it to the Court.

The R&R erred in summarily finding that plaintiffs' counsel are adequate.  Any analysis on this point would result in the opposite finding.

### C.    The R&R Incorrectly Finds that Plaintiffs Have Satisfied Rule 23(b).

Even if the Court finds that plaintiffs have established all of the prerequisites of Rule 23(a), class certification is not appropriate because plaintiffs have failed to meet the requirements of Rule 23(b).  *Amchem*, 521 U.S. at 614 (party seeking certification "must show that the action is maintainable under Rule 23(b)(1), (2), or (3)"); *Jones v. Jeld-Wen, Inc.*, 250 F.R.D. 685, 694 (S.D. Fla. 2008) ("Even having satisfied the Rule 23(a) requirements, a quest for class

certification would nonetheless fail absent satisfaction of one prong of Rule 23(b)." (internal quotation and citation omitted)).

To qualify an action for class treatment under Rule 23(b)(3), the class proponent must show that, at trial of the action, common questions would predominate over individual questions and that the class action is superior to other available methods of adjudication.  Fed. R. Civ. P. 23(b)(3).  Plaintiffs have not established either, and the R&R is incorrect in finding that they did.

### 1.       The R&R Incorrectly Finds that Plaintiffs Have Established Predominance.

"The predominance inquiry…is far more demanding than Rule 23(a)'s commonality requirement."  *Vega*, 564 F.3d at 1270 (internal quotation and citations omitted).  Still, plaintiffs have offered *no* evidence to support any finding that common claims predominate.  In their class certification papers, plaintiffs merely recite the standard and then say, in a conclusory fashion, that "the common questions are legion in this action."  (Docket No. 33 at 12.)  Not one time in their papers do they cite or otherwise rely on any evidence to establish predominance.  And, not surprisingly, the R&R does not cite any piece of evidence in the record to support the finding that plaintiffs have satisfied this element.  (*See* Docket No. 96 at 11-13.)  That the R&R nevertheless finds that plaintiffs have met this element runs contrary to the requirement that such a finding must have support in the factual record before the Court.  *Vega*, 564 F.3d at 1266-67. Failure to offer evidence to establish predominance must result in a finding that the element has not been met.

Moreover, even had plaintiffs attempted to establish predominance, they could not have done so.  "[I]f the addition of more plaintiffs to a class requires the presentation of significant amounts of new evidence, that strongly suggests that individual issues are important."  *Id*. (internal quotation and citation omitted).  Here, more evidence will be required for each person

added to the class because each person will have to offer evidence to show that (1) Capital One inadequately informed her regarding the coverage and restrictions of Payment Protection prior to enrollment which amounts to a deceptive trade practice, *and* (2) Capital One provided "misleading" and "obfuscatory" information after enrollment which amounts to a deceptive trade practice, *and* (3) being provided inadequate information pre-enrollment and misleading information post-enrollment caused her to enroll in, and stay enrolled in, Payment Protection, resulting in actual damages. *See Pop's Pancakes*, 251 F.R.D. at 685 (to establish a FDUTPA claim, plaintiff must prove that there was a deceptive act or unfair practice, causation, and damages). To prove her claim, then, each plaintiff will have to offer evidence to show: (i) what information she received from Capital One regarding Payment Protection prior to enrollment; (ii) when she received the information; (iii) how she received it; (iv) whether the information was received at the time of card activation or subsequently; (v) that she read the information; (vi) what the information said; (vii) what about the information was misleading or deceptive; (viii) that she was actually misled or deceived; (ix) that she actually relied on the information; and (x) that reliance on the information caused her to sustain damages. The individual issues in this case make it impossible to try this case as a class action. This explains why plaintiffs have not offered a trial plan that sets forth how the Court could try this matter as a class action.

> **2.     The R&R Incorrectly Finds that Plaintiffs Have Established Superiority.**

Plaintiffs, after identifying the standard for evaluating the superiority element of Rule 23(b)(3), make self-serving, conclusory statements as to each element and why it is met. (*See* Docket No. 33 at 13-16.) For example, plaintiffs state that "it is evident that most putative Class and Sub-Class members have no overriding interest in conducting separate lawsuits against Capital One" (*id*. at 13), but cite no evidence to indicate that this statement is in fact true.

Plaintiffs also state that "management of this case as a class action presents no unusual difficulties" (*id*. at 15), but point to no evidence to support this statement. Plaintiffs make no attempt to address how a trial of this case as a class action could possibly work, preferring instead to simply aver that it would. Plaintiffs' utter failure to support any of their assertions with evidence precludes class certification.

The R&R notes the standard for evaluating whether the superiority element has been met and then simply concludes that it has been. (Docket No. 96 at 13-15.) Nowhere does the R&R engage in any meaningful superiority analysis. Instead, it offers conclusory statements as to why the factors listed in the Advisory Committee notes have been met. For example, the R&R concludes that "there is no reason to believe that the putative class members in this case have any particular interest in controlling their own litigation." (*Id*. at 14 (internal quotation and citation omitted).) But the R&R gives no reason why this is the case and cites no evidence supporting the conclusion. The R&R then states that the second factor, the extent and nature of litigation concerning the controversy already begun by or against class members, is "unavailing to Defendants," but the proper inquiry is whether plaintiffs have made a showing — which they have not. As to the fourth requirement, the likely difficulties in managing a class action, the R&R could not be more wrong in stating that "the court would be hard pressed to conclude that a class action is less manageable than individual actions." (*Id*. at 15 (internal quotation and citation omitted).) The predominance of individual issues makes a trial of this case as a class action completely unmanageable, and plaintiffs have offered no evidence to the contrary. (*See* Docket No. 33.)

**D.    The R&R Errs in Not Limiting Any Class Period to March 1, 2008.**

The class period for any class certified in this case must end on March 1, 2008, when Capital One became a national bank, and the R&R errs in not so limiting the class period. Indeed, the R&R does not address the issue, instead saying that the issue is "premature and [could] be addressed at a later date, if appropriate."  (Docket No. 96 at 15 n.11.)  But should the Court grant plaintiffs' motion, its class certification order must define the class period, and the class period must end on March 1, 2008.

As a national bank, Capital One Bank is "controlled by the National Bank Act [] and regulations promulgated thereunder by the Office of the Comptroller of Currency ['OCC']." *Watters v. Wachovia Bank, N.A.*, 550 U.S. 1, 6 (2007).  The OCC's regulations authorize Capital One Bank "to enter into debt cancellation contracts and debt suspension agreements and charge a fee therefor, in connection with extensions of credit that it makes, pursuant to 12 U.S.C. § 24 (Seventh)."  12 C.F.R. § 37.1(a).  The OCC regulations identify prohibited practices, mandate certain disclosures, and otherwise govern the conduct of a national bank that enters into debt cancellation contracts and debt suspension agreements.  *See* 12 C.F.R. §§ 37.1-37.8 and 12 C.F.R. pt. 37 apps. A & B.

The OCC regulations expressly preempt state laws imposing additional requirements on national banks:  "National banks' debt cancellation contracts and debt suspension agreements are governed by this part . . . and not . . . by State law."  12 C.F.R. § 37.1(c).  The OCC regulations, including the mandate of federal preemption, were enacted pursuant to notice-and-comment rulemaking, OCC, Final Rule, 67 Fed. Reg. 58962 (Sept. 19, 2002), and are binding upon this Court.  *See Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153 (1982).

The OCC regulations preempt plaintiffs' claim.  Capital One Bank's acts and practices relating to Payment Protection have been governed exclusively by federal law since March 1, 2008.[6]  As the R&R recommends that a class be certified in this case, it should have addressed Capital One's argument regarding the end of the class period, and its failure to do so is error.

## III.    CONCLUSION

For all of the above reasons, and for all of the reasons set forth in Capital One's oppositions to class certification (Docket Nos. 35, 41, 44, 45, 47-50, 52-54, 66-69, 72, 73, 79-82, 85-87, and 92), Capital One respectfully requests that the Court consider these objections to the R&R and deny plaintiffs' motions for class certification.

Dated: September 3,  2009.

Respectfully submitted,

**s/ Eric S. Adams**
Eric S. Adams
Florida Bar No. 0090476
Francis A. Zacherl
Florida Bar No. 0868094
SHUTTS & BOWEN, LLP
100 S. Ashley Drive, Suite 1500
Tampa, Florida  33602
Telephone:    (813) 227-8122
Fax:             (813) 227-8222
eadams@shutts.com

---

[6]   While Capital One Services, LLC is not a national bank, the claims brought by plaintiffs relate to its conduct as an agent of Capital One Bank (USA), N.A.  The National Bank Act grants a national bank the power to act through agents.  12 U.S.C. § 24 (Seventh).  And the Supreme Court has "focused on the exercise of a national bank's *powers*, not its corporate structure."  *Watters*, 550 U.S. at 18 (emphasis original).  Therefore, any class period for claims brought against Capital One Services, LLC must end when Capital One Bank became a national bank.  Capital One respectfully refers the Court to its sur-reply on the issue of preemption, Docket No. 85, for further explanation of why any class period must end on March 1, 2008.

**AND**

Gregory P. Dresser
California Bar No. 136532 (admitted *pro hac vice*)
Karen Kreuzkamp
California Bar No. 246151 (admitted *pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone:     (415) 268-7000
Fax:              (415) 268-7522
GDresser@mofo.com
KKreuzkamp@mofo.com

ATTORNEYS FOR DEFENDANTS, CAPITAL
ONE BANK (USA), N.A. and CAPITAL ONE
SERVICES, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 3, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Kevin M. McLaughlin, Esquire [Kevin@wagnerlaw.com]
Gregory P. Dresser, Esquire [GDresser@mofo.com]
Karen Kreuzkamp, Esquire [KKreuzkamp@mofo.com]
Steven A. Owings, Esquire [sowings@owingslawfirm.com]
Brent Walker, Esquire [bwalker@carneywilliams.com]
Marcus N. Bozeman [mbozeman@carneywilliams.com]

**s/ Eric S. Adams**
Eric S. Adams
Florida Bar No. 0090476
SHUTTS & BOWEN, LLP
100 S. Ashley Drive, Suite 1500
Tampa, Florida  33602
Telephone:     (813) 227-8122
Fax:              (813) 227-8222
eadams@shutts.com