UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH SPINELLI, ET AL.,

    Plaintiffs,

v.     Case No. 8:08-cv-132-T-33EAJ

CAPITAL ONE BANK and CAPITAL ONE
SERVICES, INC.,

    Defendants.
_____/

### **ORDER**

This matter comes before the Court pursuant to Defendants' Motion for Reconsideration (the "Reconsideration Motion" Doc. # 104), filed on October 2, 2009. On October 16, 2009, Plaintiffs filed their Response in Opposition to the Reconsideration Motion (Doc. # 109).

Upon due consideration and for the reasons that follow, the Court denies the Reconsideration Motion.

### I. **Background**

Plaintiffs filed a second amended class action complaint against Defendants on February 28, 2008. (Doc. # 16).[1] Plaintiffs are comprised of a class and sub-class of Defendants' current and former customers who were solicited to

---

[1] Defendants removed the case from state court on January 18, 2008, asserting diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A). (Doc. # 1).

participate in Defendants' Payment Protection program.[2]

Plaintiffs characterize the Payment Protection program as "virtually worthless because of the numerous restrictions that are imposed after the consumer accepts or receives the product, and because of the administrative and bureaucratic hurdles that are placed in the way of the Florida consumer who attempts to secure payments from Capital One under this coverage." (Doc. # 16 at ¶ 24). Plaintiffs explain: "This product is sold to Florida consumers without any consideration for the circumstances or any reasonable investigation into facts that may cause the product to be worthless to the consumer. For instance, many Florida senior citizens and retired persons are charged for this product although they are categorically excluded from Payment Protection payments." (Doc. # 16 at ¶ 25).

Among other things, Plaintiffs contend that Defendants' solicitation of Plaintiffs' participation in the Payment Protection program was in violation of the Florida Deceptive

---

[2] As stated by Plaintiffs, "Payment Protection is represented to the consumer to be a Capital One product that will pay minimum payments on credit cards under certain circumstances for a limited period of time, and thereby 'protect' the consumer's credit by insuring that timely payments are made on account balances so that the consumer does not sustain additional fees, charges and penalties on credit card balances or adverse credit reporting to the credit bureaus." (Doc. # 16 at ¶ 4).

and Unfair Trade Practices Act (the "FDUTPA"), Fla. Stat. §§ 501.201, et seq.

On October 30, 2008, Plaintiffs filed their motion for class certification (Doc. ## 32, 33) and Defendants filed a response in opposition (Doc. # 35) on November 13, 2008. Plaintiffs filed a reply (Doc. # 40), and Defendants filed a sur-reply (Doc. # 41).

This Court referred the class certification motion to Judge Jenkins for the issuance of a report and recommendation, and on December 16, 2008, Judge Jenkins filed her initial report and recommendation (Doc. # 43). In her initial report and recommendation, Judge Jenkins determined, among other things, that Plaintiffs satisfied Rule 23(a)'s numerosity, commonality, and typicality requirements. However, Judge Jenkins determined that Plaintiffs failed to satisfy Rule 23(a)'s adequacy requirement. Judge Jenkins recommended that Plaintiffs be permitted to present additional evidence and briefing on the issue of adequacy.

On January 30, 2009, Plaintiffs filed the amended motion for class certification addressing the areas found to be deficient by Judge Jenkins. (Doc. ## 55, 56). On April 10, 2009, Defendants filed a response in opposition to the amended motion for class certification (Doc. # 66), and on April 20,

2009, this Court referred the amended motion for class certification to Judge Jenkins for the issuance of a second report and recommendation. (Doc. # 70). On August 20, 2009, Judge Jenkins filed her second report and recommendation, in which she recommended that the amended motion for class certification be granted in part. (Doc. # 96).

Defendants objected to the second report and recommendation, and after hearing from Plaintiffs, this Court adopted the second report and recommendation. (Doc. ## 97, 100, 101).

## II. <u>Motion for Reconsideration</u>

Defendants seek an order of reconsideration. Specifically, they contend that Plaintiffs should not be permitted to maintain a class action suit. Defendants argue that, after this Court made findings and entered orders concerning class certification, the Eleventh Circuit issued <u>Vega v. T-Mobil USA, Inc.</u>, 564 F.3d 1256 (11th Cir. 2009), a case which "represents an intervening change in the law." (Doc. # 104 at 1).

Defendants also argue that, after this Court made findings and rulings concerning standing and the adequacy of the class representative, Plaintiff Kenneth Spinelli, the class representative, "gave testimony that shows he lacks

4

standing and is atypical of the class and sub-class . . . [and] such testimony represents new evidence. (Doc. # 104 at 1). Last, Defendants assert that this Court committed "clear error" when it adopted the reports and recommendations of Judge Jenkins because "critical findings" therein were "unsupported by any evidence." (Doc. # 104 at 2).

III. **Legal Standard**

As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F.Supp.2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."

This Court recognizes three basic grounds to justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F.Supp.2d at 1308. Further, as explained in Ludwig v. Liberty Mutual Fire Ins. Co., Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *8 (M.D. Fla. Mar. 30, 2005), "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court

5

previously found lacking." Id. at 9-10. In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at 11 (citation omitted).

**IV. Analysis**

**A. Change in the Law**

Defendants' argument that the Vega case represents an "intervening change in the law" warranting reconsideration is not valid. This Court's order adopting Judge Jenkins' report and recommendation and granting class certification was decided after the Eleventh Circuit issued its decision in Vega. Furthermore, the Court's order granting class certification, the August 20, 2009 report and recommendation (Doc. # 96 at 11), and the parties' briefs concerning class certification discussed the Vega decision.[3]

Defendants' "intervening change in the law" arguments are better classified as arguments objecting to the manner in which this Court applied existing law. In fact, Defendants' "intervening change in the law" arguments are arguments that

---

[3] The Court recognizes that Judge Jenkins' initial report and recommendation was decided prior to the Vega decision. (Doc. # 43). However, this fact does not require reconsideration. The final decision to allow this action to proceed as a class action was made after Vega and was made in accordance with Vega.

this Court has considered and rejected in its prior orders. Defendants' arguments on this point do not warrant reconsideration of the Court's decision to grant class certification.

**B.** **New Evidence**

Defendants contend that Kenneth Spinelli's deposition testimony is "new evidence" that warrants an order of reconsideration. Similar to Defendants' "intervening change in the law" arguments, Defendants' "new evidence" argument is flawed and unavailing.

In its September 18, 2009 order, this Court determined that, of the putative class representatives, only Kenneth Spinelli was qualified to serve as a Rule 23(a)(4), Fed.R.Civ.P., class representative. The Court stated as follows as to Mr. Spinelli:

> Defendants contend Judge Jenkins erred when she determined that Spinelli will fairly and adequately protect the interest of the class. Defendants contend that "Spinelli testified that he does not know what a class representative is, what responsibilities a class representative has, or what claims are being asserted in this case. He further testified that he has not participated in formulating case strategy, has not discussed the goals of the litigation with counsel, and, in fact, generally communicates with counsel less than twice a year." (Doc. # 97 at 3).
> Plaintiffs counter that Defendants have "selectively" relied upon Spinelli's deposition testimony in an effort to make him look as inadequate as possible. (Doc. # 100 at 3).

7

> Plaintiffs point to portions of Spinelli's deposition testimony demonstrating that Spinelli is knowledgeable about the Payment Protection plan and the purpose of the class action. This Court has reviewed the deposition testimony and determines, as Judge Jenkins did, that Spinelli is adequate. Spinelli is a retired senior citizen residing in Florida who purchased Payment Protection, he is not a professional plaintiff. Judge Jenkins found that Spinelli recognizes his duties to include testifying truthfully in this matter, attending depositions, and attending trial if necessary. Further, Spinelli promised to represent the class members to the best of his abilities. (Doc. # 96 at 8). At times his deposition testimony reveals some unfamiliarity with the legal system; however, this is not a sufficient basis to exclude him as a class representative. Upon due consideration, the Court finds that Spinelli is an adequate class representative under Rule 23(a)(4).

(Doc. # 101 at 8-9).

The Court considered the deposition testimony quoted in the Reconsideration Motion when the Court issued its order adopting the second report and recommendation. The deposition testimony at issue (Doc. # 69) is not "new evidence" at all, and Defendants' arguments concerning Mr. Spinelli are all arguments that this Court has previously considered and rejected. Accordingly, the Court declines to reconsider its analysis of this issue.

**C. Clear Error**

Last, Defendants argue that this Court committed clear error when it adopted Judge Jenkins' reports and recommendations and allowed Plaintiffs to maintain a class

8

action.  Under the "clear error" label, Defendants delineate the following five arguments:

> (1) The Court committed clear error by shifting the evidentiary burden to Defendants;
> (2) The Court applied the wrong standard to arrive at the conclusion that Spinelli is adequate to serve as class and sub-class representative;
> (3) The order fails to address the conflicts arising from the appointment of a single representative for both the class and the sub-class;
> (4) The class certification order errs in finding that Plaintiffs have satisfied Rule 12(b)(3)(predominance and superiority); and
> (5) Reconsideration of the Court's order is necessary to clarify the applicable class period.

(Doc. # 104).

The Court has carefully considered each of the arguments above, and none warrant reconsideration of the Court's orders. As to Defendants' argument that the burden of proof has been wrongfully shifted to them, the Court finds that both parties know that Plaintiffs bear the burden of proof in this action. Defendants' argument concerning the burden of proof focuses on the following sentence regarding the element of commonality in Judge Jenkins' initial report and recommendation: "Given that hundreds of thousands of potential class members are or were enrolled in the program, *and the lack of evidence that these individuals were informed of their benefits in individualized manners*, Plaintiffs have satisfied the commonality requirement

9

for both the class and the sub-class." (Doc. # 43 at 9-10)(emphasis added).

Defendants take Judges Jenkins' statement out of context and distorts her analysis. As argued by Plaintiffs, "Defendants parse the findings of the Court and fixate upon [a] single snippet . . . . This solitary statement does not bespeak a shifting of any evidentiary burden. To the contrary, it merely emphasizes that Defendants failed to capitalize on the opportunity during discovery to disclose the existence of individualized marketing." (Doc. # 109 at 15).

Plaintiffs bore and carried their burden of proof regarding maintenance of a class action, and at no time did this Court improperly shift the burden of proof to Defendants. Accordingly, the Court is not required to reconsider its order on the basis of an improper shifting of the burden of proof to Defendants.

Next, Defendants, once again, challenge Plaintiff Spinelli's status as class and sub-class representative. This Court has already determined that reconsideration is not warranted on the basis of Mr. Spinelli's role in this action. The Court does not credit Defendants' arguments regarding Mr. Spinelli, as class and sub-class representative and moves on to Defendants' fourth argument: that the Court improperly

conflated its analysis of the Rule 23(b)(3), Fed.R.Civ.P., elements of predominance and superiority.

As required by Rule 23(b)(3), Fed.R.Civ.P., the Court has examined whether "common questions of law or fact predominate over questions affecting only individual class members ('predominance')" and whether "a class action is superior to other available methods for adjudicating the controversy ('superiority')." Vega, 564 F.3d at 1265. (Doc. # 96 at 11).

Defendants characterize this Court's analysis of predominance as "narrow" and assert that reconsideration of the order certifying the class is needed because the Court failed to provide a sufficiently detailed analysis of predominance. However, the Court is not persuaded that its analysis must be as detailed as Defendants suggest. As to the issue of predominance, Judge Jenkins provided as follows in her second report and recommendation:

> "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623 (1997). "Common issues of fact and law predominate if they ha[ve] a direct impact on every class member's effort to establish liability and on every class member's entitlement to injunctive and monetary relief." Klay v. Humana, Inc., 382 F.3d 1241, 1255 (11th Cir. 2004) (alteration in original) (citation and internal quotation marks omitted). "[I]t is not necessary that all questions of fact or law be common, but only that some questions are common and that they predominate over individual questions."

11

Busby, 513 F.3d at 1324 (citation and internal quotation marks omitted).

Plaintiffs contend that common questions are "legion in this action and stem from Defendants' fraudulent, deceptive, unlawful and/or unfair practices to sale, bill and/or market its Payment Protection 'product'" (Dkt. 33 at 12). Plaintiffs further submit that "the focus of the trial will be the conduct of Capital One and whether they misled and/or failed to disclose material facts to consumers" (Id.)

Defendants respond that Plaintiffs' arguments "assume that every single enrollee in Payment Protection residing in Florida believes she (1) was not provided with sufficient information about the product prior to enrolling *and* (2) was subsequently provided with 'misleading and obfuscatory' information" (Dkt. 35 at 14). Defendants maintain that each putative class member would individually have to show 1) what information was received from Defendants; 2) when and how the information was received; 3) how the information was misleading or deceptive; 4) actual deception; and 5) reliance on the information that caused damages (Id. at 14-15).

The parties obviously disagree as to the nature of this suit. As the court previously recognized, "Plaintiffs submit that anyone who purchased 'Payment Protection' was deceived and suffered a resulting injury because 'the exclusions and administrative and bureaucratic hurdles imposed by Capital One make the Payment Protection product virtually worthless'" (Dkt. 43 at 4 (quoting Dkt. 33 at 3)). "Plaintiffs propose that anyone who purchased 'Payment Protection' was necessarily deceived as to the value of 'Payment Protection' and suffered damages in the form of funds expended to enroll in the program" (Dkt. 43 at 4). Thus, Plaintiffs' class definition "properly leaves for trial the determination of whether 'Payment Protection' in fact has value to those who qualify for the program" (Id. at 5).

"A consumer claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." City First Mortgage Corp. v. Barton, 988 So. 2d 82, 86 (Fla. 4th DCA 2008). Here, the question is not

>whether Payment Protection had unique value to each customer, but rather whether the product had some value or no value. This is a "binary and predominant issue" that encompasses the putative class members' individual claims. See e.g. Busby, 513 F.3d at 1324-26 (finding Rule 23(b)(3) satisfied where class representative contended that defendant provided "no services" in exchange for its fee; whether defendant provided "any services" or "no services" was "a binary and predominant issue").[4] Moreover, this question predominates over any individualized inquiries into Plaintiffs' damages, i.e., the funds expended to enroll in Payment Protection. See id. at 1322, 1326 (finding common issues predominated despite defendant's claim that class included individuals that paid different amounts for different services).
>    Consequently, Plaintiffs have satisfied Rule 23(b)(3)'s predominance requirement.

(Doc. # 96 at 11-13).

This Court adopted Judge Jenkins' detailed discussion of predominance and added, "After reviewing Judge Jenkins' analysis and the parties' submissions, the Court concludes that Plaintiffs have satisfied the requirements of predominance and superiority. The Court agrees that the issue of whether the Payment Protection program was worthless predominates over individual inquires." (Doc. # 101 at 14).

The Court has given a fresh look at the issue of

---

[4] If Payment Protection had value to its enrollees, Plaintiffs may not prevail. See Busby, 513 F.3d at 1326 ("If [defendant] provided any services for the [fee], then, as [plaintiff's] counsel made abundantly clear at oral argument, the class action cannot continue.") At this stage of the proceedings, however, the inquiry is simply whether "this matter is suited for class review." See Id.

predominance and, as it did in its order certifying the class, now determines that Plaintiffs have satisfied Rule 23(b)(3)'s predominance requirement.

In addition, Defendants argue that, when addressing the issue of superiority of a class action, the Court failed to account for difficulties associated with "managing" this case as a class action. Defendants contend, "A district court abuses its discretion when it finds the superiority element has been met but has not conducted any kind of analysis or discussion regarding how it would administer the trial." (Doc. # 104 at 23)(internal citation omitted).

Plaintiffs counter that "this case is a relatively simple consumer class action, comprised of the type of claims that have often been certified as class actions, and that have been well managed by trial courts." (Doc. # 109 at 20). The Eleventh Circuit has commented on the manageability prong of Rule 23, Fed.R.Civ.P., and has noted:

> The final factor expressly specified in Rule 23(b)(3) that courts must weigh in deciding to certify a class action is whether certification will cause manageability problems. See Perez v. Metabolife Int'l, Inc., 218 F.R.D. 262, 273 (S.D. Fla. 2003)("Severe manageability problems are a prime consideration that can defeat a claim of superiority"). This concern will rarely, if ever, be in itself sufficient to prevent certification of a class. "Courts are generally reluctant to deny class certification based on speculative problems with case management." Managed Care Litig., 209

> F.R.D. at 692. Even potentially severe management
> issues have been held insufficient to defeat class
> certification. . . . [W]e hold that the district
> court acted well within its discretion in
> concluding that it would be better to handle this
> case as a class action instead of clogging the
> federal courts with innumerable individual suits
> litigating the same issues repeatedly. The
> defendants have failed to point to any specific
> management problems--aside from the obvious ones
> that are intrinsic in large class actions--that
> would render a class action impracticable in this
> case.

Klay v. Humana, Inc., 382 F.3d 1241, 1273 (11th Cir. 2004).

In this case, as in Klay, Defendants have not identified any specific management problems that would weigh against class certification.

Last, Defendants argue that reconsideration is needed to clarify the applicable class period. Defendants note, "the Court's prder properly ends the class and sub-class period on March 1, 2008 . . . [but] does not provide a start date for the class or sub-class period." (Doc. # 104 at 24). Defendants contend that the start date should be September 28, 2003. In Plaintiffs' response to the Reconsideration Motion, Plaintiffs submit, "there is no dispute about the applicable class period," and "the class period therefore runs from September 28, 2003, to March 1, 2008." (Doc. # 109 at 22). Accordingly, and in light of the agreement of the parties' concerning the class period, no reconsideration is needed to

address the boundaries of the class period.

In conclusion, the Court determines that it is appropriate to deny the Reconsideration Motion.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion for Reconsideration (Doc. # 104) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>4th</u> day of March 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record