UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH SPINELLI, et al.,

    Plaintiffs,
v.                           Case No.  8:08-cv-132-T-33EAJ

CAPITAL ONE BANK, et al.,

    Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiffs' Motion for Leave to File Third Amended and Substituted Class Action Complaint (the "Amendment Motion" Doc. # 124), which was filed on February 26, 2010. Defendants filed a Memorandum in Opposition to the Amendment Motion (Doc. # 129) on March 15, 2010.

For the reasons that follow, this Court will deny the Amendment Motion.

**I.**    **Background**

On September 28, 2007, Plaintiffs filed their original Complaint in State Court. (Doc. # 1-1).  On December 13, 2007, Plaintiffs filed their First Amended Complaint. (Doc. # 2). Defendants removed the case from State Court on January 18, 2008, under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A). (Doc. # 1).  Thereafter, on February 28, 2008, Plaintiffs filed a Second Amended Class Action Complaint

against Defendants. (Doc. # 16). On September 19, 2008, Plaintiffs filed a Motion for Leave to File a Third Amended Complaint (Doc. # 27). This Court denied the Motion to File a Third Amended Complaint on November 18, 2008. (Doc. # 36).

Plaintiffs moved for class certification on October 30, 2008. (Doc. # 32). Briefing by the parties, reports from the Magistrate Judge, and orders from the Undersigned regarding class certification were ongoing for the next sixteen months. Plaintiffs' class certification motion resulted in 48 filings by the parties, five reports issued by the Magistrate Judge, and seven orders from the Undersigned. (Doc. ## 32, 33, 35, 38, 39, 40, 42, 43, 44, 45, 46, 47, 48, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 61, 63, 64, 66, 67, 68, 69, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 85, 86, 87, 89, 92, 93, 94, 96, 97, 98, 99, 110, 101, 104, 105, 109, and 126).

Plaintiffs now seek an order allowing further amendment of the complaint.

## II. Analysis

"The grant or denial of an opportunity to amend is within the discretion of the district court." Foman v. Davis, 371 U.S. 178, 182 (1962). The Foman decision enumerates the following factors that a district judge may use to deny leave to amend: undue delay, bad faith or dilatory motive on the

part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. Foman, 371 U.S. 178, 182 (1962).

By their present Amendment Motion, Plaintiffs seek to start this case over from scratch. The Court notes that the Amendment Motion is technically timely under the Fourth Amended Case Management and Scheduling Order (Doc. # 121), nevertheless, it is due to be denied. This case has been pending for over two years and has been heavily litigated. The pretrial conference is set for November 5, 2010, and this case is set for a jury trial during the Court's December 2010, trial term.

The Court is concerned that, if the Amendment Motion is granted, this case will not be tried within the time parameters of the Civil Justice Reform Act, 28 U.S.C. § 471, et seq. The Court notes that the parties have requested, and have been granted, numerous extensions, some quite lengthy. See Doc. ## 4, 5, 11, 12, 58, 59, 60, 62, 63, 64, 90, 91, 113, 114, 122, and 123). At this point in the case, no further delay will be permitted.

The Court is substantially justified in denying the Amendment Motion and finds that an order allowing further

amendment would cause undue delay in this case and would unduly prejudice Defendants.[1] In addition, the Court is substantially justified in denying amendment because Plaintiffs have had multiple bites at the apple, and indeed, the apple is bitten down to the core. Put another way, Plaintiffs have failed to cure deficiencies by amendments previously allowed.

Furthermore, the Court's operative Case Management and Scheduling Order warns, "Motions to Amend any pleading . . . are distinctly disfavored after the entry of the Case Management and Scheduling Order." (Doc. # 121 at ¶ 7).[2] Plaintiffs have neither demonstrated good cause for the requested amendment under Rule 16(b), Fed.R.Civ.P., nor have

---

[1] Defendants submit, "Because the proposed amendment would be effective, if at all, only after discovery has closed, Capital One would be deprived, absent further modification of the pretrial schedule, of an opportunity to take discovery on Plaintiffs' newly revealed theories." (Doc. # 129 at 10).

[2] The Court agrees with Defendants' concern that "allowing Plaintiffs leave to amend will result in further motion practice, including another motion to dismiss and at least one additional class certification motion. If an amendment is permitted, modifications to the Court's Case Management and Scheduling Order will be required." (Doc. # 129 at 1). The Court repeats here its decree that no modification of the operative Scheduling Order will be permitted.

they established that they are entitled to amendment under Rule 15(a), Fed.R.Civ.P.'s more liberal standards.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs' Motion for Leave to File Third Amended and Substituted Class Action Complaint (Doc. # 124) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>15th</u> day of March 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record