**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| KENNETH SPINELLI, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CAPITAL ONE BANK (USA), N.A. and<br>CAPITAL ONE SERVICES, LLC,<br><br>    Defendants. | CASE NO.: 8:08-cv-132-T-33EAJ |

## ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT

This cause comes before the Court pursuant to the Joint Motion for Preliminary Approval of Class Action Settlement (Doc. # 143) and Supporting Memorandum (Doc. # 144), both filed on August 13, 2010.  Plaintiffs, on behalf of themselves and the Class Members, and Defendants Capital One Bank (USA), N.A., and Capital One Services, LLC (collectively, "Capital One") in this case (together, the "Parties"), entered into a Settlement Agreement, providing for a proposed settlement (the "Settlement") of this Action.  A copy of the Settlement Agreement and its exhibits were previously submitted to the Court in connection with the Motion for Preliminary Approval. (Doc. # 145).

Plaintiffs have moved for, and Defendants have indicated that they do not oppose, entry of this Order, which, inter alia, (i) provides for notice to affected persons, (ii) establishes a procedure for filing objections to the Settlement, and (iii) schedules a hearing for final approval of the Settlement.  After due consideration,

It is **ORDERED** that:

1.     This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

2.     Based on the Court's review of the Settlement Agreement, the supporting briefs and declarations, argument of counsel, and the entire record, including Defendants' statement of non-opposition, the Court finds that the proposed Settlement is within the range of possible approval.  The Motion for Preliminary Approval of the Settlement is granted.

3.     If, for any reason, the Settlement is not finally approved or does not become effective, this provisional approval and class certification Order shall be null and void, and shall not be used or referred to for any purpose in this Action or any other action or proceeding whatsoever.

4.     Solely for the purpose of settlement in accordance with the Settlement Agreement, and pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, this Court hereby provisionally approves the following settlement class ("Settlement Class"):

> (1) All natural persons who have or had Capital One credit card accounts in the United States and who enrolled in and were charged for Payment Protection on or after January 1, 2005 through July 31, 2010; or (2) all natural persons, who had a billing address in Florida at the time of enrollment in Payment Protection, who have or had Capital One credit card accounts and who enrolled in Payment Protection on or after September 28, 2003 through July 31, 2010.  Any cardholder who filed for bankruptcy after enrolling in Payment Protection is excluded from the class.

5.     For settlement purposes only, and after considering the relevant factors in Rule 23 of the Federal Rules of Civil Procedure, the Court conditionally designates Class

Representatives Kenneth Spinelli, D. Michael Blackie, Trina Blackman, Alice Lewandowski, Rose Carr, Robin Deaver, Linda R. McCoy, Anthony Mitchell, Elizabeth Silicato, Patricia Tinder, Laverne Scruggs, Jeff Salazar, Harold G. Smith, Trudy Smith, Jeremy Morrow, Lisa Sullivan, and David Watlington as representatives of the Settlement Class, and Class Counsel are conditionally appointed as counsel for the Settlement Class. The law firms and attorneys conditionally representing the Settlement Class are:

>Steven A. Owings
>Owings Law Firm
>1320 "D" Brookwood
>Little Rock, AR 72202
>(501) 661-9999
>
>T. Brent Walker
>Carter Walkers, PLLC
>2171 West Main
>Suite 200
>P.O. Box 628
>Cabot, AR 72023
>(501) 605-1346
>
>Marcus Bozeman
>Carney Williams Bates Bozeman & Pulliam, PLLC
>11311 Arcade Drive, Suite 200
>Little Rock, AR 72212
>(501) 312-8500
>
>Kevin McLaughlin
>Wagner, Vaughan, McLaughlin & Brennan, P.A.
>601 Bayshore Boulevard
>Suite 910
>Tampa, FL 33606

6. Capital One is hereby authorized to retain BrownGreer PLC, 115 S. 15th Street, Suite 400, Richmond, Virginia 23219-4209, as Settlement Administrator to

administer the notice procedures and other aspects of this proposed Settlement, as more fully set forth in the Settlement Agreement.

7. A hearing (the Fairness Hearing) shall be held before this Court on November 19, 2010, at 10:00 a.m., to hear objections and determine: (i) whether the proposed Settlement and compromise of this Action as set forth in the Settlement Agreement is fair, reasonable, and adequate for the Class Members and should be approved by the Court; (ii) whether the Final Judgment should be entered approving the Settlement; (iii) whether to approve the request of Class Counsel for payment of attorneys' fees and reimbursement of expenses; and (iv) whether to approve the request of Class Representatives for service payments. Notice of such hearing shall be provided to Class Members in the fashion described in section 3.3 of the Settlement Agreement. Such notice shall be substantially in the form of one of the notices attached as Exhibit C to the Settlement Agreement, and shall be mailed on or before September 30, 2010.

8. Any interested person may appear at the Fairness Hearing to show cause why the proposed Settlement should or should not be approved as fair, reasonable, adequate, and in good faith, and/or why the request of Class Counsel for approval of attorneys' fees and reimbursement of litigation-related expenses should or should not be approved as fair and reasonable, and/or why the request of Class Representatives for approval of service payments should or should not be approved as fair and reasonable; provided, however, that no person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the fees, costs, and reimbursements requested by Class Counsel, or the service payments requested by Class Representatives, unless that person (i) has sent or delivered written objections and copies of any

4

supporting papers and briefs so that they are received no later than November 3, 2010, to counsel below:

>Steven A. Owings
>Owings Law Firm
>1320 "D" Brookwood
>Little Rock, AR 72202
>
>J. Allen Carney
>Carney Williams Bates Bozeman & Pulliam PLLC
>11311 Arcade Dr., Suite 200
>Little Rock, AR 72404
>
>Counsel for Plaintiffs
>
>-and-
>
>Gregory P. Dresser
>Morrison & Foerster LLP
>425 Market Street
>San Francisco, CA 94105-2482
>
>Counsel for Defendants Capital One Bank (USA),
>N.A. and Capital One Services, LLC

and (ii) has filed said objections, papers, and briefs, showing proof of service upon said counsel, with the Clerk of the United States District Court for the Middle District of Florida, Sam M. Gibbons U.S. Courthouse, 801 North Florida Avenue, Tampa, Florida, on or before the same date. Any Class Member who does not submit an objection in the manner provided above shall be deemed to have waived any objection to the Settlement and shall forever be foreclosed from making any objection to class certification, to the fairness, adequacy, or reasonableness of the Settlement, to any attorneys' fees and reimbursements approved, and to any service payments to the Class Representatives approved.

9. Any Class Member who wishes to be excluded from the Settlement Class and not be bound by the Settlement Agreement must mail a request for exclusion ("Opt-Out") to the Settlement Administrator, received no later than November 3, 2010. For a Class Member's Opt-Out to be valid, it must be timely (as judged by the deadline set forth above) and: (a) state the name of this lawsuit, *Spinelli v. Capital One Bank* (*USA*)*, N.A.*, Case No. 8:08-cv-132-T-33EAJ; (b) state the Class Member's full name and address; (c) contain the Class Member's signature; and (d) unequivocally state the Class Member's intent to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all right to the benefits of the Settlement. Opt-Outs cannot be submitted by an agent of a Class Member, whether individually, or in a group. Any Class Member who does not submit a timely Opt-Out, and otherwise comply with all requirements for requesting exclusion from the Settlement Class as set forth above and in the Class Notice, shall be bound by the Settlement Agreement, including the Release, as embodied in sections 4.1 and 4.2 of the Settlement Agreement, and any Final Judgment entered in the Action. Further, any Class Member who is a successful Opt-Out will be deemed to have waived any rights or benefits under the Settlement Agreement, and will not have standing to object to the Settlement Agreement or to seek to intervene in the Action.

10. All memoranda, affidavits, declarations, and other evidence in support of the request for approval of the Settlement, Class Counsel's request for approval of attorneys' fees, costs, and reimbursement of expenses, and Class Representatives' request for approval of service payments shall be filed on or before November 5, 2010.

11. The Court expressly reserves its right to adjourn the Fairness Hearing from time to time without further notice other than to counsel of record and to approve the proposed Settlement and request for approval of attorneys' fees and expenses and request for approval of Class Representative service payments at or after the originally scheduled Fairness Hearing.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) The Parties' Joint Motion for Preliminary Approval of Class Action Settlement (Doc. # 143) is **GRANTED** consistent with the foregoing.

(2) The Court will hold a Final Fairness Hearing on the Settlement on November 19, 2010, at 10:00 a.m.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this <u>16th</u> day of August 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record