```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

KENNETH SPINELLI, et al.,

       Plaintiffs,
v.                                    Case No. 8:08-cv-132-T-33EAJ

CAPITAL ONE BANK and CAPITAL
ONE SERVICES, INC.,

       Defendants.
_____/

**ORDER**

    This cause comes before the Court pursuant to Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation (Doc. # 210) and supporting memorandum and declarations (Doc. # 211), filed on November 5, 2010. The Court conducted a Rule 23, Federal Rule of Civil Procedure, final fairness hearing on November 19, 2010, and for the reasons stated herein and at the hearing, the Court **GRANTS** the motion for final approval of class action settlement in a manner consistent with the following analysis.[1]

**I.   Background**

    This action was initiated on January 18, 2008, and the operative complaint, the fourth amended class action complaint, was filed on August 11, 2010. (Doc. # 142).

---

[1] To the extent not otherwise defined herein, all capitalized terms shall have the same meaning as used in the parties' Settlement Agreement. (Doc. # 145-1).

Therein, the Plaintiffs, a national class of Capital One cardholders, sue Capital One Bank (USA), N.A. and Capital One Services, LLC. The Plaintiffs allege that Capital One's Payment Protection Program was "worthless:"

> There are thousands of Florida and national Capital One cardholders who have paid for Payment Protection and are not eligible to receive benefits. The terms and exclusions for Payment Protection are not adequately disclosed to consumers before consumers buy the product, and Payment Protection coverage is so restricted in benefits, and processing claims under the coverage is made so difficult by Capital One, that the product is essentially worthless.

(Doc. # 142 at ¶ 18). The operative complaint contains four counts: breach of contract and fraudulent inducement (I), violation of the Truth in Lending Act (II), violation of the Florida Deceptive and Unfair Trade Practices Act Business and Commerce Section (III), and violation of the Deceptive Trade Practices of State Statutes Prohibiting Unfair and Deceptive Acts and Practices (IV).

The Court granted class certification on September 18, 2009. (Doc. # 101).[2] The parties filed a formal notice of

---

[2] Capital One sought reconsideration of the Court's order granting class certification, and the Court denied the reconsideration motion. (Doc. # 104, 126). Capital One petitioned the Eleventh Circuit for permission to file an interlocutory appeal of the class certification decision, and the Eleventh Circuit denied Capital One's request. (Doc. # (continued...)

settlement and a motion for preliminary approval of the class action settlement on August 13, 2010. (Doc. # 143, 145). On August 16, 2010, this Court entered an order that, among other things, preliminarily approved the settlement, designated the Class Representatives, approved the Settlement Class, appointed Class Counsel, and scheduled the Rule 23 final fairness hearing. (Doc. # 147).

The Court's preliminary approval order set forth the following Settlement Class:

> (1) All natural persons who have or had Capital One credit card accounts in the United States and who enrolled in and were charged for Payment Protection on or after January 1, 2005, through July 31, 2010; or (2) all natural persons, who had a billing address in Florida at the time of enrollment in Payment Protection, who have or had Capital One credit card accounts and who enrolled in Payment Protection on or after September 28, 2003 through July 31, 2010.  Any cardholder who filed for bankruptcy after enrolling in Payment Protection is excluded from the class.

Any member of the class who did not wish to be bound by the Settlement Agreement was required to opt out of the settlement by November 3, 2010.

The Court's preliminary approval order appointed the following attorneys as Class Counsel: Steven A. Owings, T.

---

² (...continued)
134).

Brent Walker, Marcus Bozeman, and Kevin McLaughlin. In addition, the Court appointed the following Plaintiffs as Class Representatives of the Settlement Class: Kenneth Spinelli, D. Michael Blackie, Trina Blackman, Alice Lewandowski, Rose Carr, Robin Deaver, Linda R. McCoy, Anthony Mitchell, Elizabeth Silicato, Patricia Tinder, Laverne Scruggs, Jeff Salazar, Harold G. Smith, Trudy Smith, Jeremy Morrow, Lisa Sullivan, and David Watlington.

## II. **Final Fairness Hearing**

A district court's adoption of a class action settlement is governed by Federal Rule of Civil Procedure 23(e). That rule requires that the settlement be "fair, reasonable and adequate."  During the final fairness hearing, the Court considered the factors enumerated by the Eleventh Circuit in Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984) and required counsel to address the following questions as framed by the Bennett court:

(1)  What is the likelihood of success at trial?

(2)  What is the range of possible recovery?

(3)  What is the point on or below the range of possible recovery at which a settlement is fair, adequate, and reasonable?

(4) What is the level of complexity, expense, and duration of the litigation?

(5) Is there any opposition to the settlement? and

(6) At what state of the proceedings was the settlement reached?

In addition to the aforementioned questions, the Court required counsel to address the questions listed in the Manual for Complex Litigation, Fourth, § 21.62, including, but not limited to:

1. What are the advantages of the proposed settlement versus the probable outcome of a trial on the merits of liability and damages as to the claims, issues, or defenses of the class and individual class members?

2. What is the probable time, duration, and cost of trial?

3. What is the extent of participation in the settlement negotiations by class members or the class representatives, and by the Court?

4. Please describe the number and force of the objections by class members?

5. What effect will this settlement have on other pending actions?

6. Please explain whether class members have the right to request exclusion from the settlement, and, if so, the number exercising that right.

7. Please describe the reasonableness of the provisions for attorney fees, including agreements on the division of fees among the attorneys and the terms of any agreements affecting the fees to be charged for representing individual claimants or objectors.

8. Are the named Plaintiffs receiving an inappropriately different remedy than the other class members?

9. Was the settlement completed at an early stage of the litigation without discovery and with uncertainties remaining?

10. Is the class going to receive a remedy that is essentially worthless, such as a coupon?

11. Does the defendant have an incentive to restrict payment of claims because the defendant may reclaim residual funds?

12. Are there subclasses? And if so, are they treated much differently from one another?

13. Are attorney's fees so high in relation to the actual class recovery that the fees suggest a possibility of collusion?

14. Have a significant number of class members raised cogent objections to the settlement? Are there objections that counsel have access to that are not currently before the Court?

Counsel provided thorough and complete answers to each of the Court's above-described inquiries. Counsels' responses provide the Court with a firm basis for approving the settlement as fair, reasonable and adequate. While two individuals appeared at the fairness hearing to raise an objection, such objections did not constitute a basis for denying the motion to approve class settlement. One objector, Eric Schumann, appeared at the hearing only to verify that he had properly opted out of the class action settlement.[3] The other individual, John Pentz, Esq., appeared on behalf of objector Stephen Griffis. (Doc. # 222). Attorney Pentz's arguments did not constitute a legitimate basis for setting aside the settlement. His arguments primarily pertained to attorneys' fees and costs, and the Court will address the issue of attorneys' fees and costs in a separate order.

---

[3] Mr. Schumann's objection was filed on November 9, 2010. (Doc. # 217). During the hearing, Class Counsel indicated that Mr. Schumann had properly opted out of the class action settlement.

-7-

After hearing from both sides on the issues noted above during the final fairness hearing, and after conducting an independent review of each item in the record, including but not limited to the objections to the settlement,[4] and the declaration of Peter Grilli, Esq.,[5] the Court finds that it is appropriate to approve the settlement.[6]  In addition, the Court makes the following findings concerning this class action settlement:

---

[4] The file contains several objections to the settlement. It is not necessary for the Court to describe each objection. The general thrust of the objections is that (1) the attorneys' fees requested are too high; (2) the amount that the class members will receive is inadequate; and (3) that Capital One has ruined the credit of the class members. In addition, some of the objectors state that they do not think that Capital One did anything wrong, therefore, these individuals object to the suit going forward against Capital One.

[5] Peter Grilli, Esq., the mediator, filed a declaration indicating that the case was settled after hard work on both sides, multiple mediations, and that in his opinion, counsel for both sides acted professionally and worked hard to get a good result for their respective clients: "The negotiations were complex and difficult, and conducted at arms' length and in good faith on both sides." (Doc. # 146).

[6] The Court notes that, in addition to the present action, this settlement will resolve all known class action cases against Capital One involving Payment Protection. This global settlement includes at least eight other class action cases pending throughout the nation. (Doc. # 145-6).

(1) The Court has jurisdiction over the subject matter of the action and over all parties to the action, including all Settlement Class Members.

(2) The settlement is fair, reasonable and adequate.

(3) The Court approves the Settlement Agreement and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

(4) The Court finds that the Class preliminarily certified in the preliminary approval order meets all of the requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure for the reasons set forth in the preliminary approval order.  The Court therefore finally certifies the Class for settlement purposes consisting of: (1) All natural persons who have or had Capital One credit card accounts in the United States and who enrolled in and were charged for Payment Protection on or after January 1, 2005 through July 31, 2010; or (2) all natural persons, who had a billing address in Florida at the time of enrollment in Payment Protection, who have or had Capital One credit card accounts and who enrolled in Payment Protection on or after September 28, 2003 through July 31, 2010.  Any cardholder who filed for bankruptcy after enrolling in Payment Protection is excluded from

    the Class. Also excluded from the Class are the persons and/or entities who submitted timely and valid requests for exclusion from the Class.

(5) Notice of the pendency of this action as a class action, of the proposed settlement, of the request for certification of the Class, and of the Class Representatives' request for Service Payments, was given to all persons or entities reasonably identifiable who were charged for Payment Protection during the time periods described in paragraph 4, as shown by the records of Capital One Bank (USA), N.A. and Stonebridge Benefit Services, Inc., at the respective addresses set forth in such records. The Court finds that the form, content, and method of dissemination of the Notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of these proceedings, of the proposed settlement, and of the terms and conditions set forth in the Settlement Agreement, and the notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Constitutional due process, and all other applicable laws.

(6) Subject only to the provisions of paragraph 10 below, this case is hereby dismissed with prejudice, with each party to bear its own costs, except as expressly provided in the Settlement Agreement.

(7) Subject only to the provisions of paragraph 10 below, by operation of this order, the Class Representatives and all Final Settlement Class Members are deemed to have absolutely and unconditionally released and forever discharged the Released Parties from all Released Claims, and are forever barred and enjoined from commencing, instituting or maintaining any Released Claims against the Released Parties, or any of them, in any action in this or any other forum.

(8) The Court hereby approves the Settlement Agreement and the payments and credits pursuant thereto as fair and reasonable, and the Claims Administrator is directed to administer the Settlement in accordance with its terms and provisions.

(9) The Court has reviewed the Class Representatives' request for payment of Service Payments and hereby awards the amounts as specified in paragraph 13 of the Settlement Agreement.

(10) In the event that the Settlement Agreement is terminated

in accordance with its terms or with the terms of any other agreement between the Parties, or this order is reversed on appeal or otherwise does not become Final, (i) this order shall be rendered null and void and shall be vacated *nunc pro tunc*, (ii) as specified in the Settlement Agreement, the Settlement Agreement and other related orders shall be rendered null and void and shall be vacated *nunc pro tunc*, and (ii) the Action shall proceed as provided in the Settlement Agreement.

The parties have agreed to amend the release set forth in paragraph 4.1 of the Settlement Agreement so that it reads as follows:

**Release of Class Claims**. Upon entry of the Final Judgment, the Class Representatives, each Final Settlement Class Member, and each of their respective spouses, executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, agents and assigns, and all those who claim through them or who assert claims on their behalf (including the government in its capacity in *parens patriae*), will be deemed to have completely released and forever discharged the Released Parties, and each of them, from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability for actual or statutory damages, punitive damages, restitution or other monetary relief of any and every kind, including, without limitation, those based on breach of contract or any other contractual theory, unjust enrichment, violation of the Truth in Lending Act, or the unfair and deceptive acts and practices statutes of any of the states of the United States, or any other federal, state, or local law, statute,

regulation, or common law, whether known or unknown, suspected or unsuspected, under the law of any jurisdiction, which the Class Representatives or any Final Settlement Class Member ever had, now have or may have in the future, whether accrued or unaccrued, arising out of or in any way, directly or indirectly, relating to any act, omission, event, incident, matter, dispute, or injury regarding Payment Protection, including, without limitation, the development, sale, pricing, marketing, claims handling, or administration of Payment Protection. The claims released hereby are referred to as the "Released Claims."

The Court finds that this amendment to the release makes the release narrower (and more favorable to the class) than the release in the Settlement Agreement (Doc. # 145-1).

(11) Neither the Settlement Agreement, the Settlement contained therein, the negotiation nor any proceeding or document executed pursuant to or in furtherance thereof, (i) is or shall be construed as, an admission of, or evidence of, the truth of any allegation or of any liability or the validity (or lack thereof) of any claim or defense on the part of any party in any respect, or (ii) is or shall be admissible in any action or proceeding for any reason, other than an action or proceeding to enforce the terms of the Settlement or of this order.

(12) The Court approves the Service Payments to the Class

Representatives, but determines that it is appropriate to address the issue of attorneys' fees and costs via a separate order, filed after additional submissions by counsel.[7]

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation (Doc. # 210) is **GRANTED** as specified above.

2. The Clerk is directed to **CLOSE THE CASE**.[8]

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of November, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record

---

[7] During the fairness hearing, the Court approved Class Counsel's request that the Service Payment for Kenneth Spinelli be paid to his spouse, as Mr. Spinelli died during the pendency of this case.

[8] The Court reiterates that it will address the matter of Class Counsels' attorneys' fees and costs regardless of whether, at the time Class Counsel submit further documents in support of their fee request, this case has been closed by the Clerk.

-14-