UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH SPINELLI, ET AL.,

    Plaintiffs,

v.                            Case No. 8:08-cv-132-T-33EAJ

CAPITAL ONE BANK, USA, ET AL.,

    Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to Defendants' Motion to Enjoin Prosecution of Released Claims and for Sanctions (Doc. # 246), filed on August 3, 2012. Plaintiffs filed a Response in Opposition to the Motion (Doc. # 249) on August 17, 2012, and non-party the State of Mississippi filed a Response in Opposition to the Motion (Doc. # 251) on August 20, 2012. For the reasons that follow, the Court denies the Motion.

**I.**   **Background**

Plaintiffs filed this action in state court on September 28, 2007, and Defendants removed the case to this Court pursuant to the Class Action Fairness Act on January 18, 2008. (Doc. # 1). After several amendments of the operative Complaint, Plaintiffs filed the Fourth Amended Complaint (Doc. # 142) on August 11, 2010. On August 13, 2010, the parties

filed a Motion for Preliminary Approval of Class Action Settlement. (Doc. # 143). On August 16, 2010, the Court entered an Order preliminarily approving the settlement (Doc. # 147). That Order defined the "Settlement Class" as follows:

> (1) All natural persons who have or had Capital One credit card accounts in the United States and who enrolled in and were charged for Payment Protection on or after January 1, 2005 through July 31, 2010; or (2) all natural persons, who had a billing address in Florida at the time of enrollment in Payment Protection, who have or had Capital One credit card accounts and who enrolled in Payment Protection on or after September 28, 2003 through July 31, 2010. Any cardholder who filed for bankruptcy after enrolling in Payment Protection is excluded from the class.

(Doc. # 147 at 2).

The parties filed a Motion for Final Approval of the Settlement on November 5, 2010 (Doc. # 201), and the Court held a final fairness hearing on the Settlement on November 19, 2010. (Doc. # 229). On November 23, 2010, the Court entered its Order granting Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation (Doc. # 231). Therein, the Court finally certified the Settlement Class that it previously preliminarily certified. Id. at 9-10. The Court also noted "the Class Representatives and all Final Settlement Class Members are deemed to have absolutely and unconditionally released and forever discharged

2

the Released Parties from all Released Claims, and are forever barred and enjoined from commencing, instituting or maintaining any Released Claims against the Released Parties, or any of them, in any action in this or any other forum." Id. at 11.[1]

---

[1] In the Settlement Agreement, the parties defined "Released Parties" as: "Capital One and its parents, subsidiaries, affiliates, divisions, associates, agents, successors, transferees, assignors, assignees, and/or assigns, and their respective subsidiaries, affiliates, divisions, associates, agents, successors, assignors, assignees, and/or assigns, and each of their respective present, former or future, officers, directors, shareholders, members, managing members, agents, control persons, advisors, employees, representatives, consultants, accountants, attorneys, and any representative of the above." (Doc. # 145-1 at 7).

The Settlement Agreement defined "Released Claims;" however, the Court's Order Finally Approving Settlement amended that definition as follows: **"Release of Class Claims**. Upon entry of the Final Judgment, the Class Representatives, each Final Settlement Class Member, and each of their respective spouses, executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, agents and assigns, and all those who claim through them or who assert claims on their behalf (including the government in its capacity in *parens patriae*), will be deemed to have completely released and forever discharged the Released Parties, and each of them, from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability for actual or statutory damages, punitive damages, restitution or other monetary relief of any and every kind, including, without limitation, those based on breach of contract or any other contractual theory, unjust enrichment, violation of the Truth in Lending Act, or the unfair and deceptive acts and practices statutes of any of the states of the United States, or any other federal, state, or local law, statute, regulation, or common law, whether known or unknown, suspected or unsuspected, under the law of any jurisdiction, which the Class Representatives or any Final Settlement Class Member

3

The Court noted that "this settlement will resolve all known class action cases against Capital One involving Payment Protection. This global settlement includes at least eight other class action cases pending throughout the nation." Id. at 8. The Court dismissed the case with prejudice and declined to retain jurisdiction over the matter to enforce the settlement or otherwise.[2] Id. at 11.

At this juncture, twenty one months after this Court disposed of this case, Defendants seek an extraordinary injunction enjoining the Attorneys General of the States of Hawaii and Mississippi from prosecuting cases against Defendants and seeking the imposition of monetary sanctions against the Golomb & Honik law firm.

---

ever had, now have or may have in the future, whether accrued or unaccrued, arising out of or in any way, directly or indirectly, relating to any act, omission, event, incident, matter, dispute, or injury regarding Payment Protection, including, without limitation, the development, sale, pricing, marketing, claims handling, or administration of Payment Protection. The claims released hereby are referred to as the 'Released Claims.'" (Doc. # 231 at 12-13).

[2] The parties specifically requested that the Court retain jurisdiction over the case to enforce the settlement and included such language in their proposed order submitted to the Court. (Doc. # 210-1 at 4). The Court declined to do so and did not include any language in its orders indicating that it would retain jurisdiction over this case.

4

**II. Discussion**

Defendants seek relief from this Court pursuant to the All Writs and Anti-Injunction Acts. The All Writs Act states: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. As explained in Schindler v. Schiavo, 403 F.3d 1223, 1229 (11th Cir. 2005), "[t]he purpose of the power codified in that statute is to allow courts to protect the jurisdiction they already have, derived from some other source." The court further explained, that the All Writs Act "gives a residual source of authority to issue writs that are not otherwise covered by statute and is an extraordinary remedy that is essentially equitable and, as such, not generally available to provide alternatives to other, adequate remedies at law." Id. (Internal citations and quotation marks omitted).

The Anti-Injunction Act states: "A court of the United States may not grant an injunction to stay proceedings in State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. As explained in First Alabama Bank v. Parsons Steel, Inc., 825 F.2d 1475,

5

1483 (11th Cir. 1987), "[t]he phrase 'to protect or effectuate its judgments' authorizes a federal injunction of state proceedings only to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." (Internal citations and quotation marks omitted).

Here, the Court declines to enter the injunction requested by Defendants and also declines to sanction the Golomb & Honik law firm. The relief requested by Defendants is inappropriate for a number of compelling reasons.

The Court's Order approving the settlement and closing this case did not bind the States of Mississippi and Hawaii. The Attorney General of Mississippi and Hawaii were not defined as class members and did not have an opportunity to participate in the litigation or opt out of the class. It would be a violation of the Due Process clause to now enjoin such Attorney General via the requested injunction. See Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 812 (1985)("due process requires at a minimum that the absent plaintiff be provided with an opportunity to remove himself from the class . . . [and] requires that the named plaintiff at all times adequately represent the interests of the absent

6

class members.").

In addition, the Court has no need to issue an injunction "in aid of its jurisdiction." This matter has been closed for over a year, and the Court declined to retain jurisdiction after disposing of the claims. The Court no longer has jurisdiction over this case and has no desire to preserve its long-relinquished jurisdiction pursuant to the All Writs Act or other law.

Likewise, it is neither necessary nor appropriate to enjoin the state court proceedings to enforce the Court's judgment pursuant to the Anti-Injunction Act. "[A]ccommodation of the state and federal interests involved when a federal court is asked to enjoin a state court's proceeding has led to the requirement that the party seeking the injunction must make a strong and unequivocal showing of relitigation." First Alabama Bank, 825 F.2d at 1483-84. As explained by the State of Mississippi, the "relitigation prong does not authorize injunctions against non-parties." (Doc. # 251 at 2). In addition, the State of Mississippi has appropriately distinguished the cases cited by Defendants: "The cases Capital One cites either involved matters of continuing settlement administration, or injunctions issued post-final settlement against the original class members

7

. . . . Capital One does not cite a single case holding that a district court may -- or should -- issue an injunction to prevent a non-party from litigating its claims." Id. at 4.

If this Court were to grant the relief requested by Defendants, it would not be enforcing any existing court order that it has entered, rather it would be crafting an entirely new injunction that would usurp the claims of two sovereign states in violation of the Eleventh Amendment and other laws. This Court agrees with the State of Mississippi that "the State's sovereign interests were neither raised, actually litigated, nor resolved in the Spinelli action." (Doc. # 251 at 8). As explained in EEOC v. Wafflehouse, Inc., 534 U.S. 279, 308 (2002), a state's sovereign interests cannot be compromised or impeded by a private settlement agreement. Furthermore, as stated in Herman v. South Carolina Nat'l Bank, 140 F.3d 1413, 1425 (11th Cir. 1998), "the government is not bound by private litigation when the government's action seeks to enforce a [] statute that implicates both public and private interests."

It should also be noted that when a party seeks to use the final disposition of a case in one court to preclude litigation in a second court, it is for the second court, not the first court, to determine whether the first action should

8

bar the second action from moving forward. Thus, the Court denies the Motion in all respects.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion to Enjoin Prosecution of Released Claims and for Sanctions (Doc. # 246) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 21st day of August 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel and parties of record