UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH SPINELLI, ET AL.,

      Plaintiffs,

v.                                    Case No.  8:08-cv-132-T-33EAJ

CAPITAL ONE BANK, USA, ET AL.,

      Defendants.
_____/

## ORDER

This matter is before the Court pursuant to an October 19, 2013, handwritten letter to the Court submitted by class member Tarvis Ellis. (Doc. # 260). For the reasons that follow, the Court construes the letter as a Motion to Enforce the Settlement Agreement and declines to exercise jurisdiction over the issues raised therein.

## Discussion

Kenneth Spinelli, Arthur Griffin, and other Plaintiffs filed this action against Capital One Bank and Capital One Services, Inc. (collectively "Capital One") in state court on September 28, 2007. (Doc. # 2). Capital One removed the case to this Court pursuant to the Class Action Fairness Act on January 18, 2008. (Doc. # 1). After several amendments of the operative Complaint, the Plaintiffs filed the Fourth Amended Complaint (Doc. # 142) on August 11, 2010, containing the

following counts: (1) breach of contract and fraud in the inducement; (2) violation of the Truth in Lending Act, 15 U.S.C. § 1601; (3) violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201; and (4) violation of the Deceptive Trade Practices Acts of other states.

On August 13, 2010, the parties filed a Motion for Preliminary Approval of Class Action Settlement. (Doc. # 143). On August 16, 2010, the Court entered an Order preliminarily approving the settlement. (Doc. # 147). That Order defined the "Settlement Class" as follows:

> (1) All natural persons who have or had Capital One credit card accounts in the United States and who enrolled in and were charged for Payment Protection on or after January 1, 2005 through July 31, 2010; or (2) all natural persons, who had a billing address in Florida at the time of enrollment in Payment Protection, who have or had Capital One credit card accounts and who enrolled in Payment Protection on or after September 28, 2003 through July 31, 2010. Any cardholder who filed for bankruptcy after enrolling in Payment Protection is excluded from the class.

(Doc. # 147 at 2).

The parties filed a Motion for Final Approval of the Settlement on November 5, 2010 (Doc. # 201), and the Court held a final fairness hearing on the Settlement on November 19, 2010 (Doc. # 229). On November 23, 2010, the Court

entered its Order granting Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation. (Doc. # 231). Therein, the Court finally certified the Settlement Class that it previously preliminarily certified. (Id. at 9-10). The Court also noted "the Class Representatives and all Final Settlement Class Members are deemed to have absolutely and unconditionally released and forever discharged the Released Parties from all Released Claims, and are forever barred and enjoined from commencing, instituting or maintaining any Released Claims against the Released Parties, or any of them, in any action in this or any other forum." (Id. at 11).[1]

---

[1] In the Settlement Agreement, the parties defined "Released Parties" as: "Capital One and its parents, subsidiaries, affiliates, divisions, associates, agents, successors, transferees, assignors, assignees, and/or assigns, and their respective subsidiaries, affiliates, divisions, associates, agents, successors, assignors, assignees, and/or assigns, and each of their respective present, former or future, officers, directors, shareholders, members, managing members, agents, control persons, advisors, employees, representatives, consultants, accountants, attorneys, and any representative of the above." (Doc. # 145-1 at 7).

The Settlement Agreement defined "Released Claims;" however, the Court's Order Finally Approving Settlement amended that definition as follows: **"Release of Class Claims.** Upon entry of the Final Judgment, the Class Representatives, each Final Settlement Class Member, and each of their respective spouses, executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, agents and assigns, and all those who claim through them or who assert claims on their behalf (including the government in its

3

The Court noted that "this settlement will resolve all
known class action cases against Capital One involving Payment
Protection.  This global settlement includes at least eight
other class action cases pending throughout the nation." (<u>Id.</u>
at 8).  The Court dismissed the case with prejudice and
declined to retain jurisdiction over the matter to enforce the
settlement or otherwise.[2]  (<u>Id.</u> at 11).

────────────────

capacity in *parens patriae*), will be deemed to have completely
released and forever discharged the Released Parties, and each
of them, from any claim, right, demand, charge, complaint,
action, cause of action, obligation, or liability for actual
or statutory damages, punitive damages, restitution or other
monetary relief of any and every kind, including, without
limitation, those based on breach of contract or any other
contractual theory, unjust enrichment, violation of the Truth
in Lending Act, or the unfair and deceptive acts and practices
statutes of any of the states of the United States, or any
other federal, state, or local law, statute, regulation, or
common law, whether known or unknown, suspected or
unsuspected, under the law of any jurisdiction, which the
Class Representatives or any Final Settlement Class Member
ever had, now have or may have in the future, whether accrued
or unaccrued, arising out of or in any way, directly or
indirectly, relating to any act, omission, event, incident,
matter, dispute, or injury regarding Payment Protection,
including, without limitation, the development, sale, pricing,
marketing, claims handling, or administration of Payment
Protection.  The claims released hereby are referred to as the
'Released Claims.'" (Doc. # 231 at 12-13).

    [2] The parties specifically requested that the Court
retain jurisdiction over the case to enforce the settlement
and included such language in their proposed order submitted
to the Court. (Doc. # 210-1 at 4).  The Court declined to do
so and did not include any language in its Orders indicating
that it would retain jurisdiction over this case.

Since that time, various parties and counsel have requested relief from the Court regarding the finality of the settlement. For instance, on August 3, 2012, Capital One filed its Motion to Enjoin Prosecution of Released Claims and for Sanctions. (Doc. # 246). Therein, Capital One sought an order enjoining the Attorneys General of the States of Hawaii and Mississippi from prosecuting cases against Capital One and seeking the imposition of monetary sanctions against the Golomb & Honik law firm. On August 22, 2012, the Court entered an Order denying the Motion to Enjoin Prosecution of Released Claims and for Sanctions. (Doc. # 253). The Court explained: "[T]he Court has no need to issue an injunction 'in aid of its jurisdiction.' This matter has been closed for over a year, and the Court declined to retain jurisdiction after disposing of the claims. The Court no longer has jurisdiction over this case and has no desire to preserve its long-relinquished jurisdiction." (Id. at 7).

At this juncture, Mr. Ellis seeks an order enforcing the settlement. (Doc. # 260). In his letter, Mr. Ellis indicates: "Please take notice that the Judgment entered in the above entitled case has not been satisfied which is in violation of the Equal [Protection] Clause and the 4th and 14th Amendments of the State and United States Constitution and Class Action

Fairness Act." (Doc. # 260). Mr. Ellis also notes: "This Plaintiff never received no monies of this law suit: and I am still paying a Capital One law suit card payment every month. I have paid one card off, and still paying a monthly payment on another card; . . . I pray that this Court will make sure that I get due process of law soon." (Id.).

The Court notes that Mr. Ellis has tendered several letters to the Court indicating that he has not received settlement funds. See (Doc. ## 254, 258, 259, 260). As a courtesy to Mr. Ellis and with the aim that the parties could resolve the issue of a $20.00 class settlement payment without court intervention, the Court previously directed Capital One to address Mr. Ellis' concerns. (Doc. # 255). Capital One responded that it sent Mr. Ellis settlement funds in the amount of $20.00, which Mr. Ellis cashed on March 14, 2011. (Doc. # 256). The Court thereafter issued an Order finding the issue to be moot. (Doc. # 257).

It appears that Mr. Ellis is not satisfied with the Court's resolution of this matter. However, in the context of this long-closed case, the Court determines that it lacks jurisdiction to address Mr. Ellis' present concerns.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

The Court construes Mr. Ellis' October 19, 2013, letter to the Court (Doc. # 260) as a Motion to Enforce the Settlement Agreement and declines to exercise jurisdiction over the issues raised therein.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>25th</u> day of October, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel and parties of record